# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

Sandra Landwehr, on behalf of herself and all
others similarly situated,

                    Plaintiff,

    v.

AOL Inc.,

                    Defendant.

Case No: 1:11-cv-01014 (CMH/TRJ)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

Steven J. Toll (Virginia Bar No. 15300)
Benjamin D. Brown (*admitted pro hac vice*)
Emmy L. Levens (*admitted pro hac vice*)
Jeffrey Dubner (*admitted pro hac vice*)
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
bbrown@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Manuel J. Dominguez (*admitted pro hac vice*)
**Cohen Milstein Sellers & Toll PLLC**
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 833-6575
jdominguez@cohenmilstein.com

Daniel E. Gustafson (*admitted pro hac vice*)
Daniel C. Hedlund (*admitted pro hac vice*)
Joseph C. Bourne (*admitted pro hac vice*)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

*Attorneys for Plaintiff and the Proposed Class*

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................ii

I.    INTRODUCTION ..................................................................................................1

II.   BACKGROUND......................................................................................................2

  A. Procedural History............................................................................................2

  B. The Settlement Agreement ...............................................................................4

III. ARGUMENT ...........................................................................................................7

  A. The Court Should Preliminarily Approve the Proposed Settlement Because the
     Settlement Is Within the Range of Possible Approval .....................................7

    1. The Proposed Settlement Is Fair ...................................................................8

    2. The Proposed Settlement Is Adequate...........................................................9

  B. The Court Should Conditionally Certify the Settlement Class........................10

    1. The Requirements of Rule 23(a) Are Satisfied ...........................................11

      i.  Numerosity...............................................................................................11

      ii. Commonality ...........................................................................................11

      iii. Typicality................................................................................................13

      iv. Adequacy ................................................................................................14

    2. The Requirements of Rule 23(b)(3) Are Satisfied ......................................16

  C. Plaintiff's Proposed Class Notice Plan Is Reasonable ...................................18

IV. CONCLUSION.......................................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997).................................................................................................. passim

*Beaulieu v. EQ Indus. Servs., Inc.*,
   2009 WL 2208131 (E.D.N.C. 2009)............................................................................ 7

*Bicking v. Mitchell Rubenstein & Assocs., P.C.*,
   2011 WL 5325674 (E.D. Va. 2011)............................................................................. 7

*Cent. Wesleyan Coll. v. W.R. Grace & Co.*,
   6 F.3d 177 (4th Cir. 1993) ...................................................................................... 7, 11

*Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*,
   375 F.2d 648 (4th Cir. 1967) ..................................................................................... 11

*DiFelice v. U.S. Airways, Inc.*,
   235 F.R.D. 70 (E.D. Va. 2006) .................................................................................. 12

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974).................................................................................................... 18

*Fisher v. Virginia Elec. & Power Co.*,
   217 F.R.D. 201 (E.D. Va. 2003) ........................................................................... 11, 13

*Gunnells v. HealthplanServs., Inc.*,
   348 F.3d 417 (4th Cir. 2003) ..................................................................................... 10

*Hewlett v. Premier Salons Int'l, Inc.*,
   185 F.R.D. 211 (D. Md. 1997)................................................................................... 12

*Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   855 F. Supp. 825 (E.D.N.C. 1994).............................................................................. 8

*In re BearingPoint, Inc. Sec. Litig.*,
   232 F.R.D. 534 (E.D. Va. 2006) ..................................................................... 14, 16, 17

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
   2010 WL 3341200  (W.D. Ky. 2010) ........................................................................... 5

*In re Jiffy Lube Sec. Litig.*,
   927 F.2d 155 (4th Cir. 1991) ........................................................................ 7, 8, 9

*In re Kirschner Med. Corp. Sec. Litig.* (*In re Kirschner*),
   139 F.R.D. 74 (D. Md. 1991) ................................................................. 11, 14, 16, 17

*In re Ky. Grilled Chicken Coupon Marketing & Sales Practices Litig.*,
   280 F.R.D. 364 (N.D. Ill. 2011) ........................................................................ 10

*In re Microstrategy, Inc. Sec. Litig.*,
   150 F. Supp. 2d 896 (E.D. Va. 2001) ................................................................. 18

*In re Playmobil Antitrust Litig.*,
   35 F. Supp. 2d 231 (E.D.N.Y. 1998) ................................................................. 17

*In re Red Hat, Inc. Sec. Litig.*,
   2010 WL 2710517 (E.D.N.C. 2010) ................................................................. 8

*In re Se. Hotel Props. Ltd. P'ship Investor Litig.*,
   151 F.R.D. 597 (W.D.N.C. 1993) ................................................................. 14

*In re Traffic Exec. Ass'n-E. R.R.s*,
   627 F.2d 631 (2d Cir. 1980) ................................................................. 8

*In re Vivendi Universal, S.A.*,
   242 F.R.D. 76 (S.D.N.Y. 2007) ................................................................. 19

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004) ................................................................. 19

*Isby v. Bayh*,
   75 F.3d 1191 (7th Cir. 1996) ................................................................. 7

*Lane v. Facebook Inc.*,
   696 F.3d 811 (9th Cir. 2012) ................................................................. 9, 12

*McReynolds v. Richards-Cantave*,
   588 F.3d 790 (2d Cir. 2009) ................................................................. 7

*Meredith v. Mid-Atlantic Coca-Cola Bottling Co., Inc.*,
   129 F.R.D. 130 (E.D. Va. 1989) ................................................................. 13

*Minter v. Wells Fargo Bank, N.A.*,
   283 F.R.D. 268 (D. Md. 2012) ................................................................. 18

iii

*Morris v. Wachovia Sec., Inc.*,
   223 F.R.D. 284 (E.D. Va. 2004) ................................................................ 10

*Nolop v. Volpe*,
   333 F. Supp. 1364 (D.S.D. 1971) ............................................................. 18

*Olvera-Morales v. Int'l Labor Mgmt. Corp.*,
   246 F.R.D. 250 (M.D.N.C. 2007) ............................................................. 11

*Peoples v. Wendover Funding, Inc.*,
   179 F.R.D. 492 (D. Md. 1998).................................................................. 11

*South Carolina Nat'l Bank v. Stone*,
   139 F.R.D. 325 (D.S.C. 1991) .................................................................. 13

*Supnick v. Amazon.com, Inc.*,
   2000 WL 1603820 (W.D. Wash. 2000)..................................................... 17

*Temp. Servs.,Inc. v. Am. Int'l Group, Inc.*,
   2012 WL 2370523 (D.S.C. 2012)........................................................... 8, 10

*Thorn v. Jefferson-Pilot Life Ins. Co.*,
   445 F.3d 311 (4th Cir. 2006) ................................................................... 11

*Williams v. First Nat'l Bank of Pauls Valley*,
   216 U.S. 582 (1910)................................................................................... 7

## STATUTES, RULES AND REGULATIONS

Electronic Communications Privacy Act, 18 U.S.C. § 2702 ................................... 2, 12

Fed. R. Civ. P. 23 ............................................................................................... passim

Virginia Consumer Protection Act, Va. Code § 59.1-200 ....................................... 2, 12

## I.   INTRODUCTION

Plaintiff Sandra Landwehr and Defendant AOL Inc. ("AOL") have agreed upon a

settlement to resolve Plaintiff's and the proposed Settlement Class's claims against AOL.[1] AOL

has agreed to pay all of the claims of Settlement Class members, up to a limit of $5 million in

cash payments.  In addition to the $5 million, AOL will pay the costs of designing and providing

notice to the Settlement Class; bear the responsibility and costs of administering claims,

including expedited arbitration; pay an incentive award to Plaintiff; and pay Settlement Class

Counsel's attorneys' fees and costs, as may be awarded by the Court.  AOL has agreed not to

contest Plaintiff's counsel's right to an award of attorneys' fees and costs, but the parties have

not agreed on the amount of attorneys' fees and costs and are instead asking the Court to

determine the reasonable amount.  In January, Settlement Class Counsel will move the Court for

a fee award and AOL may contest the amount of the fee award being sought. Information on the

fees and costs sought by Settlement Class Counsel will be made available on the settlement

website at the same time class notice is published.

AOL has agreed to provide significant nonmonetary relief to the class.  AOL will assist

Settlement Class members seeking to have their search queries removed from third party

websites in their efforts to contact those websites and request removal of the search queries.

---

[1]*See* Class Action Settlement Agreement, December 12, 2012, attached as Exhibit A to the
Declaration of Daniel C. Hedlund in Support of Plaintiff's Motion for Preliminary Approval
("Hedlund Decl."), submitted herewith ("Settlement Agreement").  As the Settlement Agreement
makes clear, AOL continues to deny Plaintiff's factual and legal allegations—including some of
those made by Plaintiff in the instant motion—and has not conceded or admitted any liability.  In
addition, although AOL does not object to this matter being certified as a class action solely for
settlement purposes, the Settlement Agreement states that AOL is not admitting that a class can,
or should, be certified in the event this Court declines to approve the settlement or the settlement
otherwise fails.  Finally, AOL has reserved all of its rights to oppose the amount of any requested
award of attorneys' fees and costs on all grounds.

AOL also represents that it has established and will maintain, for three years, policies and procedures that substantially reduce the possibility of AOL employees making AOL members' search data available for public download in the future.

Plaintiff now respectfully submits this memorandum and the accompanying Declarations of Daniel C. Hedlund ("Hedlund Decl.") and Manuel J. Dominguez ("Dominguez Decl.") in support of her motion pursuant to Federal Rule of Civil Procedure 23 for an Order preliminarily approving the Settlement and conditionally certifying the Settlement Class.

## II.     BACKGROUND

### A. Procedural History

Plaintiff brought this action in September 2011 alleging that AOL unlawfully released the search data of more than 650,000 AOL members. Class Action Compl., *Landwehr v. AOL Inc.*, No. 1:11-cv-01014 (E.D. Va.), ECF No. 1, Sept. 21, 2011 ("Complaint").[2] Before serving the Complaint and before any further proceedings in this matter, Plaintiff filed her Amended Complaint. Am. Class Action Compl., ECF No. 3, Nov. 17, 2011 ("Amended Complaint"). The Amended Complaint added new detailed allegations concerning the effects of AOL's conduct on putative class members. Plaintiff alleged that in 2006, AOL made available for download from its website a database containing the internet search records of nearly 658,000 persons who used AOL search between March and May of 2006. *Id.* ¶ 11. As a result, Plaintiff alleged, those AOL members were injured through the invasion of their privacy and the loss of the value they paid AOL to protect their privacy interests, and they continued to suffer harm because the search data continue to be available on numerous third party websites. *Id.* ¶¶ 1, 24–26. Plaintiff alleged

---

[2] Unless otherwise stated, all subsequent docket references in this brief are to the above-captioned matter, *Landwehr v. AOL Inc.*

that AOL's conduct violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.
§ 2702, and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-200, and that
AOL was unjustly enriched, seeking damages, injunctive relief, and restitution on behalf of
herself and the proposed class. *Id.* ¶¶ 72–94.

AOL filed a motion to dismiss. After full briefing and oral argument, the Court denied
AOL's motion in its entirety. Order, ECF No. 42, Feb. 27, 2012. While the motion to dismiss
was pending and after it was denied, the parties conducted discovery in this matter, nearly
completing both fact and expert discovery. AOL produced all of the documents—including
transcripts of the depositions of each of the several AOL witnesses—it had produced previously
in a similar litigation in California based on the same subject matter (the "*Ramkissoon*" case).[3]
Additional written discovery was also taken in this case. Plaintiff produced documents and
responded to interrogatories and propounded requests on AOL. AOL deposed Plaintiff and her
privacy and economics experts, and Plaintiff deposed AOL's privacy and economics experts as
well as AOL's 30(b)(6) witness.

Finally, significant motion practice has occurred in this case. After the motion to dismiss
was fully briefed and the court denied AOL's motion Plaintiff moved for class certification,

---

[3] Litigation over the same subject matter was originally brought in the Northern District of
California in 2006. Complaint, *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No.
1, Sept. 22, 2006. As set forth in more detail previously by Plaintiff, the *Ramkissoon* federal
class action was aggressively litigated in the Northern District of California and the Ninth Circuit
until it was finally dismissed on February 2, 2010, because the forum selection clause in the
AOL terms of service required the claims to be litigated in Virginia. Pl.'s Mem. of Law in
Opp'n to AOL's Mot. to Dismiss Pl.'s Class Action Compl., at 4–5, 15–16, ECF No. 38, Jan. 19,
2012. Discovery was conducted in that case. *See, e.g.*, Order Denying Def.'s Mot. to Stay Disc.,
*Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 98, June 23, 2009. Notably,
Mr. Manuel J. Dominguez represented the *Ramkissoon* plaintiffs as well Plaintiff in this case.
Mot. to Appear Pro Hac Vice, ECF No. 46, Mar. 13, 2012; Appl. for Admis. of Att'y Pro Hac
Vice, *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 10, Oct. 18, 2006.

which not only included significant briefing but the preparation of expert reports by both the

Plaintiff and the Defendant.  Pl.'s Mot. for Class Certification, ECF No. 68; Pl.'s Mem. of Law

in Supp. of Pl.'s Mot. for Class Certification, ECF No. 69.  After meeting and conferring,

Plaintiff brought a motion to compel the production of documents and testimony and for an

extension of discovery deadlines, which was fully briefed.  Pl.'s Mot. to Compel Produc. of

Docs. & Test. & for an Extension of Deadlines, ECF No. 71;  Mem. of Law in Supp. of Pl.'s

Mot. to Compel Produc. of Docs. & for an Exten. of Disc. Deadlines, ECF No. 72; Opp'n to Pl.'s

Mot. to Compel Produc. of Docs. & for an Exten. of Disc. Deadlines, ECF No. 74; Pl.'s Reply

Mem. of Law in Supp. of Pl.'s Mot. to Compel Produc. of Docs. & for an Exten. of Disc.

Deadlines, ECF No. 77.  AOL moved the Court to reconsider its denial of AOL's motion to

dismiss, and Plaintiff responded to that motion.  Mot. for Recons., ECF No. 51; Mem. in Supp.

of Mot. for Recons., ECF No. 52; Mem. in Opp. of Mot. for Recons., ECF No. 79.

While these motions were pending, the parties mediated the case before the Honorable

Barry R. Poretz (ret.).  During this all-day mediation, which extended well into the night, the

parties reached an agreement in principle to settle this case.  Hedlund Decl. ¶ 5.  As a result and

upon the parties' joint request, the Court stayed all pending scheduling deadlines, including

briefing deadlines and the hearings on the pending motions as well as the deadline for Plaintiff's

expert J. Alex Halderman's rebuttal report.  Order, ECF No. 85, May 2, 2012.

### B.  The Settlement Agreement

After arm's length negotiations and with the assistance of Judge Poretz at mediation,

Plaintiff and AOL agreed to settle the Settlement Class's claims against AOL.  Hedlund Decl. ¶

7.  Pursuant to this settlement, AOL will pay all of the claims of Settlement Class members, up

to an aggregate limit of $5 million in cash payments.  Settlement Agreement ¶¶ 12, 13, 17.

Qualified claimants are divided into three groups.  Settlement Class members who were AOL members during the period March 1, 2006 through May 31, 2006 who believe in good faith that search queries entered using their screen names were contained in the search data that AOL made available for download at research.aol.com are eligible for $50 payments ("Tier 1").  *Id.* ¶ 12(a).  Every Settlement Class member who submits a valid claim form will at least qualify for a Tier 1 Payment.  Settlement Class members who meet the requirements of Tier 1 and have been identified or can be identified to a reasonable degree of certainty by a third party (other than by self-identification) are eligible for $100 payments ("Tier 2").  *Id.* ¶ 12(b).  Finally, Settlement Class members who meet the requirements of Tier 2 and who claim to have suffered damages in excess of $100 may elect to proceed in expedited arbitration, where they are eligible to receive full compensation for damages if they can persuade the arbitrator, through written submissions, that the damages were suffered by them because of the release of their search data, subject to the $5 million cap on total settlement payments ("Tier 3").  *Id.* ¶ 13.

In addition to the $5 million designated for cash payments to Settlement Class members, AOL will pay numerous additional costs associated with the settlement.  Unlike a traditional common fund class settlement, in this case AOL will pay additional costs on top of the fund designated for payments to class members, which adds to the value of the settlement.  *See, e.g.*, *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 1998, 2010 WL 3341200, *9 (W.D. Ky. Aug. 23, 2010) (valuing the settlement as the fund for payments to class members, plus the additional costs incurred by the defendant to provide credit monitoring to class members, plus the additional costs incurred by the defendant to pay attorneys' fees).  AOL will pay the costs of designing and providing notice to the Settlement Class.  Settlement Agreement ¶ 4.  AOL will also bear the responsibility and costs of administering Settlement

Class members' claims, including expedited arbitration. *Id.* ¶¶ 5, 13(k).  AOL will also pay an

incentive award to Plaintiff for her time and effort in prosecuting this class action. *Id* ¶ 21.  And

AOL will pay Settlement Class Counsel's attorneys' fees and costs as may be awarded by the

Court. *Id.* ¶¶ 19.  Plaintiff's counsel estimate that the notice and administrative costs confer on

the Settlement Class an additional value of over $1.4 million, and this is on top of the attorneys'

fees and costs. *Id.*  The parties did not reach agreement on the amount of attorneys' fees and

costs sought by Settlement Class Counsel, and Plaintiff will be moving for a fee award in the

early part of January 2013.  Information on the fees and costs sought by Settlement Class

Counsel, which AOL may contest, will be made available on the settlement website at the same

time class notice is published.  The amount of any fee award granted by the Court will confer

additional value to the Settlement Class.  Further, as part of the agreement, Settlement Class

Counsel have agreed to assist Class members who seek to have their claims arbitrated and are not

seeking to be reimbursed for the time and costs they will expend in providing additional

assistance to these Settlement Class members.  The fees expended on behalf of the Settlement

Class members who chose to arbitrate their claims is an additional substantial benefit to the class.

AOL has also agreed to provide significant nonmonetary relief.  First, AOL represents

that it has established policies and procedures that it and Settlement Class Counsel believe

significantly mitigates the possibility of AOL employees making available for public download

the type of search data that it made available in 2006. *Id.* ¶ 18(a).  AOL further agrees to

maintain those or substantially the same policies for at least three years, subject to a right to

modify those policies if Microsoft, Yahoo!, or Google adopts policies or practices that are less

burdensome; if that event occurs, AOL will notify Settlement Class Counsel. *Id.* AOL will also

assist Settlement Class members who have been, or can be identified by a third party and whose

search queries are available for review on third-party websites. *Id.* ¶ 18(b). AOL will assist

those Settlement Class members by making reasonable efforts to help them contact the third

party website and to request removal of their search queries. *Id.*

The total value of this settlement to the class is well in excess of $6.4 million, as the

Class will have the additional benefit of having their fees and costs paid by AOL, Settlement

Class Counsel's free assistance in filing arbitration claims, and the equitable relief of heightened

security for their search queries and assistance from AOL in requesting that third parties remove

their search queries from third party websites.

## III.   ARGUMENT

### A.   The Court Should Preliminarily Approve the Proposed Settlement Because the Settlement Is Within the Range of Possible Approval.

"Compromises of disputed claims are favored by the courts." *Williams v. First Nat'l*

*Bank of Pauls Valley*, 216 U.S. 582, 595 (1910). "Federal courts naturally favor the settlement

of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see also*

*McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (stating there is a "strong

judicial policy in favor of settlements, particularly in the class action context" (quotation

omitted)); *Cent. Wesleyan Coll. v. W.R. Grace &Co.*, 6 F.3d 177, 185–86 (4th Cir. 1993)

(acknowledging desirability of settlement in class action context).

Proposed class settlements must be approved by the court. Fed. R. Civ. P. 23(e). Rule

23(e) is designed to safeguard the rights of absent class members, and district courts have

substantial discretion in deciding to approve a class action settlement. *In re Jiffy Lube Sec.*

*Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *Bicking v. Mitchell Rubenstein & Assocs., P.C.*, No.

3:11CV78-HEH, 2011 WL 5325674, at *4 (E.D. Va. Nov. 3, 2011).

Preliminary approval requires courts to determine only "whether there is 'probable cause' to give notice of the proposed settlement to class members" because the proposed settlement is "within the range of possible approval." *Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06-CV-00400-BR, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (quoting *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994)); *accord In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980). Preliminary approval should be granted when the proposed settlement is fair and adequate. *Jiffy Lube*, 927 F.2d at 158.

### 1. The Proposed Settlement Is Fair.

Fairness "focuses on whether the proposed settlement was negotiated at arm's length." *In re Red Hat, Inc. Sec. Litig.*, No. 5:04-CV-473-BR (3), 2010 WL 2710517, at *1 (E.D.N.C. June 11, 2010). Relevant factors include "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [complex] class action litigation." *Jiffy Lube*, 927 F.2d at 159.

The parties negotiated the proposed settlement at arm's length over the course of several months. Eventually, they reached an agreement in principle during a mediation before a retired judge from this District with significant class action experience. *See Temp. Servs., Inc. v. Am. Int'l Group, Inc.*, No. 3:08-cv-00271-JFA, 2012 WL 2370523, at *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached."). The parties subsequently negotiated every significant term of the Settlement Agreement.[4] Further, fact and expert discovery were substantially completed, and Plaintiff's

---

[4] Plaintiff's counsel did not start negotiating fees until they had agreed with AOL on every term in the Settlement Agreement, including the proposed notice plan. Dominguez Decl. ¶ 7.

attorneys were well equipped to assess the strengths and weakness of the case (especially since Mr. Dominguez represented the *Ramkissoon* plaintiffs as well as Ms. Landwehr in this case). *Cf. Red Hat*, 2010 WL 2710517, at *2 (recognizing that the Fourth Circuit views discovery as beneficial to allowing parties to make informed decisions regarding settlement).

## 2.   The Proposed Settlement Is Adequate

Adequacy "focuses on whether the consideration provided to the [absent] class members is sufficient." *Red Hat*, 2010 WL 2710517, at *1. Relevant factors include (1) the strength of the plaintiff's case on the merits, (2) difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) whether the defendant is solvent, and (5) the degree of any opposition to the proposed settlement. *Jiffy Lube*, 927 F.2d at 159.

Plaintiff is confident in the strength of her case. However, AOL has made clear its intent to dispute the factual and legal basis for Plaintiff's claims and asserted numerous defenses, and AOL and its highly competent attorneys have shown a willingness to put on an all-out defense to the claims in this matter. This case involves novel questions regarding ECPA and internet privacy issues, and the answers to these questions are uncertain. Further, AOL released the search data over six years ago, and settlement at this time allows Settlement Class members to recover on their claims sooner than the prospect of protracted, contentious litigation would allow. Indeed, even prior to the filing of the instant case, AOL had litigated the *Ramkissoon* matter for many years.

Plaintiff's counsel estimates the value of this settlement to be greater than $6.4 million. The value of the settlement is substantially above $6.4 million when the substantive additional relief provided to the class is considered: (1) the assistance that Settlement Class Counsel may

provide to Settlement Class members who seek to arbitrate their claims and; (2) the significant

nonmonetary relief being provided by AOL.  The value of the settlement to the class is also

bolstered by whatever attorney's fees and costs are ultimately ordered by the Court.  This is a

good outcome for the Settlement Class.  *See, e.g.*, *Lane v. Facebook Inc.*, 696 F.3d 811, 824 (9th

Cir. 2012) (finding, in a consumer privacy case brought on behalf of more than 3.6 million

Facebook users, that "[a] $9.5 million class recovery would be substantial under most

circumstances"); *In re Ky. Grilled Chicken Coupon Marketing & Sales Practices Litig.*, MDL

No. 2103, 280 F.R.D. 364, 377 (N.D. Ill. 2011) (finding a recovery of $15.96 per settlement class

member to weigh heavily in favor of approving the settlement).

Because the proposed settlement is within the range of possible approval, and is fair and

adequate, the Court should preliminarily approve the proposed settlement.

**B.  The Court Should Conditionally Certify the Settlement Class.**

The Court must determine whether the proposed Settlement Class should be certified for

settlement purposes.  Under Rule 23, class actions may be certified for settlement purposes only.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  Certification of a settlement class

must satisfy each requirement set forth in Rule 23(a), as well as at least one of the separate

provisions of Rule 23(b).  *Id.* at 613–14.  There is no doubt, however, that "a potential settlement

is a relevant consideration when considering class certification."  *Temp. Servs.,* 2012 WL

2370523, at *1; *see also Amchem*, 521 U.S. at 620619 ("Settlement is relevant to a class

certification.").  Courts apply Rule 23 liberally and flexibly to promote judicial economy and the

ends of justice.  *Gunnells v. HealthplanServs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003); *Morris v.*

*Wachovia Sec., Inc.*, 223 F.R.D. 284, 291 (E.D. Va. 2004).

Plaintiff seeks certification of a Settlement Class consisting of:

> All persons residing in the United States or its territories whose
> internet search query data was made available for download from
> research.aol.com in 2006.

Settlement Agreement ¶ 1.  Excluded from the Settlement Class are employees of AOL and their

immediate families.  *Id.*  This class meets the requirements of Rule 23(a) as well as the

requirements of Rule 23(b)(3).

### 1. The Requirements of Rule 23(a) Are Satisfied.

#### i.   Numerosity

Numerosity requires that the class be "so numerous that joinder of all members is

impracticable."  Fed. R. Civ. P. 23(a)(1); *see also Olvera-Morales v. Int'l Labor Mgmt. Corp.*,

246 F.R.D. 250, 255 (M.D.N.C. 2007) (explaining that "impracticable" does not mean

impossible). The Fourth Circuit has upheld classes consisting of as few as eighteen members and

observed that numerosity is "easily" satisfied at a level of 480 potential class members.  *Cent.*

*Wesleyan Coll.*, 6 F.3d at 183; *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375

F.2d 648, 653 (4th Cir. 1967). Although there is no magic number and all the facts of the case

are relevant to this determination, "generally, courts find classes of at least 40 members

sufficiently large to satisfy the impracticability requirement."  *Peoples v. Wendover Funding,*

*Inc.*, 179 F.R.D. 492, 497 (D. Md. 1998); *see also In re Kirschner Med. Corp. Sec. Litig.* (*In re*

*Kirschner*), 139 F.R.D. 74, 78 (D. Md. 1991) (observing that a "class of as few as 25 to 30

members raises the presumption that joinder would be impracticable").

Plaintiff estimates that the Settlement Class includes more than 650,000 AOL members

who are geographically diverse. *See, e.g.*, Am. Compl. ¶¶ 1, 19, 21, 29, 32.  Joining all of them

would be impracticable, and Rule 23(a)(1) is therefore satisfied.

#### ii.   Commonality

Commonality requires only that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  "A proposed class will satisfy the . . . commonality requirement if there is at least one question of law or fact common to the class." *Fisher v. Virginia Elec. & Power Co.*, 217 F.R.D. 201, 211 (E.D. Va. 2003); *see also Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006) (claims need only invoke common questions of law or fact).  Even "differences in the underlying facts of individual class members' cases do not defeat a showing of commonality where there are common questions of law." *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006) (quoting *Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 216 (D. Md. 1997)).

The central allegation in the Amended Complaint is that AOL violated Settlement Class members' privacy rights through a single act of disclosure when AOL made a database containing their search data available for download from research.aol.com.  Every Settlement Class member was, therefore, subjected to the same allegedly unlawful conduct as every other Settlement Class member.  The same law applies to all claims because of the choice of law clause in AOL's consumer contract, and questions of law and fact common to the Settlement Class include:

- whether AOL collected the search data from March through May of 2006;

- the terms and effect of AOL's privacy policy during that time;

- whether the membership fees AOL charged included fees for providing privacy protection;

- whether AOL released Settlement Class members' search data in a single database, which was accessible to third parties;

- whether AOL violated ECPA, 18 U.S.C. § 2702(a);[5]

- whether AOL violated the VCPA, Va. Code § 59.1-200;

- whether AOL was unjustly enriched by its conduct, and if so, in what amount;

- what class-wide declaratory and equitable relief is appropriate, including changes to AOL's practices and AOL's assistance seeking removal of Settlement Class members' search data from third party websites.

Because the claims of all members of the Settlement Class share a common core of facts

and common legal issues, Rule 23(a)(2) is satisfied.

### iii.   Typicality

Typicality requires that a class representative's claims be typical of class members'

claims.  Fed. R. Civ. P. 23(a)(3).  "Where the commonality requirement focuses on the claims of

the class as a whole, the typicality requirement is focused on the claims of the named plaintiffs."

*Fisher*, 217 F.R.D. at 212. The typicality requirement is satisfied when, as here, the class

representative's interests are aligned with those of class members, and when the class

representative's claims arise from the same events or course of conduct and are premised on the

same legal theories as the claims of class members.  *Id.*  Further, when the same unlawful

conduct was directed at or affected both the named plaintiff and the class sought to be

represented, the typicality requirement is met irrespective of minor variations in the fact patterns

underlying individual claims.  *See South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 325, 329

(D.S.C. 1991) (typicality satisfied where plaintiffs' purchases arose out of defendants' common

course of conduct); *Meredith v. Mid-Atlantic Coca-Cola Bottling Co., Inc.*, 129 F.R.D. 130, 133

---

[5] ECPA cases present issues making class-wide resolution appropriate, and for that reason multiple courts have certified settlement classes in ECPA cases.  *See Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2010 U.S. Dist. LEXIS 24762, at *10–13 (N.D. Cal. Mar. 17, 2010); Final Order re Approval of Class Action Settlement and Final Judgment Thereon at 2, *Fairchild v. AOL, Inc.*, No. 2:09-cv-03568-CAS-PLA (C.D. Cal. Dec. 31, 2009), ECF No. 50.

(E.D. Va. 1989) (typicality satisfied where "[p]laintiffs and the members of the proposed classes . . . were all allegedly harmed by the same conduct of Defendants").

Plaintiff's claims arise out of the same conduct as the Settlement Class members' claims: AOL's release of their search data in 2006. Plaintiff's claims are based on the same alleged theories and will require the same types of evidence to prove those theories. Thus, Rule 23(a)(3) is satisfied.

### iv.    Adequacy

Adequacy requires class representatives to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement is satisfied if: (1) the named plaintiff has interests common with, and not antagonistic to, the class's interests; and (2) the plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *In re Se. Hotel Props. Ltd. P'ship Investor Litig.*, 151 F.R.D. 597, 606–07 (W.D.N.C. 1993); *In re BearingPoint, Inc. Sec. Litig.*, 232 F.R.D. 534, 541 (E.D. Va. 2006).

First, Plaintiff is an adequate class representative. This requirement, which overlaps with the commonality and typicality requirements, asks whether the class representatives "possess the same interest and [has] suffer[ed] the same injury as the class members." *Amchem*, 521 U.S. at 625–26 (quotations omitted); *see also Kirschner*, 139 F.R.D. at 79 (recognizing the overlap between this requirement and the typicality requirement). As discussed above, Plaintiff's interests are aligned with those of the Settlement Class. She also has no interests antagonistic to those of the Class. As such, Plaintiff and the absent class members have precisely the same interest in proving that Defendant violated their privacy rights and in achieving the maximum recovery possible. *See Se. Hotel*, 151 F.R.D. at 607 ("The named plaintiffs should adequately represent the claims of the class since those claims are also their own.").

14

Further, Plaintiff understands her duties as proposed representative of the Settlement Class, and she has taken them seriously throughout this litigation.  Indeed, Plaintiff has actively attempted to pursue this class litigation since she moved to intervene in the *Ramkissoon* matter. Notice of Mot., Mot. and Mem. of Points & Authorities in Supp. of Mot. of Cecilia Navaratnam & Sandra Landwehr to Intervene as Additional Class Representatives, *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 132, Oct. 26, 2009.  After the district court dismissed that case, Plaintiff called Mr. Hedlund and asked him to pursue this class litigation on her behalf. Hedlund Decl. ¶ 2.  Plaintiff has since actively participated in this litigation.  She reviewed and commented on the draft complaint before filing; participated in discovery by producing documents and responding to interrogatories, preparing for her deposition, and being deposed; reviewed her experts' reports; had numerous conversations with her counsel about the case; and reviewed and commented on multiple drafts of the proposed settlement.  Hedlund Decl. ¶ 3.

Second, Plaintiff is represented by well qualified attorneys at Cohen Milstein Sellers & Toll PLLC and Gustafson Gluek PLLC, and Plaintiff has the support of the firms' substantial experience and resources.  Both law firms are experienced in prosecuting large and complex consumer class actions such as this.  For forty years, Cohen Milstein has been one of the nation's leading plaintiffs' class action firms; during that time it has litigated some of the nation's most complicated class cases in the fields of consumer protection, privacy, antitrust, securities, and civil rights, and it has recovered billions of dollars of damages for injured plaintiffs.  Dominguez Decl., Ex. A.  Similarly, Gustafson Gluek has represented plaintiffs in complex class action litigation since its founding in 2003, with an emphasis in antitrust and consumer protection.  The firm's partners have over seventy years of collective experience in these areas and have successfully prosecuted numerous complex class actions in federal courts throughout the United

15

States.  Hedlund Decl., Ex. B.  Plaintiff's attorneys have vigorously litigated this case and they

have and will continue to diligently represent the interests of the Settlement Class.  Accordingly,

the requirements of Rule 23(a)(4) are satisfied.[6]

### 2. The Requirements of Rule 23(b)(3) Are Satisfied.

Once Rule 23(a)'s four prerequisites are met, Plaintiff must also show that the proposed

Settlement Class satisfies Rule 23(b)(3).  Rule 23(b)(3) requires that common questions of law or

fact predominate over any questions affecting only individual members, and that a class action is

superior to other available methods to fairly and efficiently adjudicate the matter.  This inquiry

focuses on the "legal or factual questions that qualify each class member's case as a genuine

controversy . . . [and] tests whether proposed classes are sufficiently cohesive to warrant

adjudication by representation."  *Amchem*, 521 U.S. at 623.

Predominance "tests whether proposed classes are sufficiently cohesive to warrant

adjudication by representation."  *Id.*  In determining whether the predominance standard is met,

courts focus on the issue of liability, and "if the liability issue is common to the class, common

questions are held to predominate over individual ones."  *BearingPoint*, 232 F.R.D. at 542

(quoting *Kirschner*, 139 F.R.D. at 80).  Damages are less central to the predominance

requirement, and differences in damages among class members do not defeat a finding of

predominance when liability is a common, class-wide issue.  *BearingPoint*, 232 F.R.D. at 542.

As set forth above, Plaintiff maintains that the core facts and legal issues pertaining to the

claims in this case are common to all Settlement Class members.  AOL's challenged conduct

involved a single act of disclosing all Class members' search data collected during the same time

---

[6] For the same reasons, Plaintiff's counsel meet the requirements for appointment as Settlement
Class Counsel under Rule 23(g).

period, when the same privacy policies were in effect, packaging them in a single database where the data were presented in precisely the same manner, with the same purported protection of anonymity, for the same duration. The elements of Plaintiff's claims focus almost exclusively on AOL's allegedly wrongful conduct: the contents of AOL's advertisements, privacy policy, and other representations; whether AOL's disclosure of the search data was consistent with that policy and those representations; whether AOL is an entity subject to ECPA's non-disclosure requirements; whether search queries are communications such entities may not disclose; whether AOL disclosed the search data to a party to whom disclosure was prohibited; and whether AOL was unjustly enriched by its release of the search data. None of these elements involve issues that vary by Settlement Class member. *See Supnick v. Amazon.com, Inc.*, No. C00-0221P, 2000 WL 1603820, *2 (W.D. Wash. May 18, 2000) (finding common questions of defendants' liability on ECPA claims to predominate).

A class action must also be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class treatment is clearly superior in this case to any other method for the fair and efficient adjudication of the controversy.

A class action is the only practicable method to resolve most disputes where any individual recovery would be relatively small and the burden of bringing suit relatively large. *See BearingPoint*, 232 F.R.D. at 544 ("Any interest individual members of the class may have in controlling the litigation is far outweighed by the benefit of distributing the financial burden of the litigation among the class"); *Kirschner*, 139 F.R.D. at 80. AOL released the search data of hundreds of thousands of AOL members; settling these claims in the context of a class action will conserve both judicial and private resources and will hasten class members' recovery. *See In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 249 (E.D.N.Y. 1998) (certifying a class

because "proceeding forward as a class action for liability is superior and would avoid duplication, unnecessary costs and a wasting of judicial resources").  The potential for thousands of cases to be filed in Virginia would place a strain on judicial resources which would likely be localized in this forum.  *See* Am. Compl. ¶ 63 (forum selection clause found in AOL's consumer contract).  The forum selection clause would also cause hardship for individual class members living all over the country who would be forced to file their individual actions in Virginia.

A class action is the superior method of adjudication here, and the claims involve novel and complex issues related to applying federal law to Internet privacy that would make it economically unfeasible for Class members to pursue claims individually.  "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem*, 521 U.S. at 617 (quotation omitted).  Individual Class members would be required to invest substantial sums to litigate their claims against AOL, a sophisticated defendant with significant resources and highly competent counsel who have demonstrated their intent to spare no expense and put on an all-out defense to the claims in this matter.

Accordingly, for purposes of settlement, the proposed class action is superior to other available methods (if any) for the fair and efficient adjudication of the controversy relating to AOL's release of the class members' search data.

### C.  Plaintiff's Proposed Class Notice Plan Is Reasonable.

Rule 23(e) requires that prior to final approval, notice of a proposed settlement be given in a reasonable manner to all class members who would be bound by such a settlement.  The notice program must provide "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *In re*

*Microstrategy, Inc. Sec. Litig.*, 150 F. Supp. 2d 896, 906 (E.D. Va. 2001) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974)).  When it is impracticable to provide individual notice, "notice to a majority of those interested in the action is likely sufficient to protect the interests of those absent." *Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 275 (D. Md. 2012). The best notice practicable to some classes may consist entirely of publication notice.  *See Nolop v. Volpe*, 333 F. Supp. 1364, 1367 (D.S.D. 1971).  When, as here, the information necessary to identify class members is unavailable, publication notice is an adequate substitute for individual notice.  *See Amchem*, 521 U.S. at 617; *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 536 (3d Cir. 2004) (publication notice best notice practicable for a Rule 23(b)(3) class where members could not be identified); *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 107–08 (S.D.N.Y. 2007) (holding that when class members' names and addresses could not be ascertained, publication notice satisfied due process concerns).

In this case, the proposed notice program includes direct mail notice to all individuals who request the notice, publication notice through the use of paid media including national editions of newspaper supplements and selected widely read consumer magazines, earned media outreach through a national press release, and electronic notice through a settlement website. Kinsella Decl. ¶ 10.  The parties retained Kinsella Media, LLC to design the notice plan. Kinsella Media is an advertising and legal notification firm specializing in designing notice plans to reach unidentified putative class members in consumer class actions such as this one.  *Id.* ¶ 1. Kinsella Media has developed numerous complex national notification programs, and Katherine Kinsella has provided expert testimony concerning Kinsella Media's quantitative and qualitative evaluations of notice programs in state and federal courts.  *Id.* ¶¶ 5-6.  Ms. Kinsella has opined that the proposed notice program provides the best notice practicable under the circumstances,

and it is fully compliant with Rule 23 of the Federal Rules of Civil Procedure.  *Id.* ¶ 23.  The notice also contains all the information required under Rule 23(c)(2)(B).

The proposed notice plan meets the requirements of Rule 23 and due process, and it should be approved by this Court.

## IV.    CONCLUSION

Based upon all the foregoing arguments, as well as the record in this litigation, Plaintiff respectfully requests that the Court enter an Order preliminarily approving the Settlement Agreement, conditionally certifying a Settlement Class, appointing Plaintiff the representative of the Settlement Class, appointing Plaintiff's attorneys as Settlement Class Counsel, and approving the proposed notice plan.

Dated: December 17, 2012               /s/ Steven J. Toll
                                       Steven J. Toll (Virginia Bar No. 15300)
                                       Benjamin D. Brown
                                       Emmy L. Levens
                                       Jeffrey B. Dubner
                                       **Cohen Milstein Sellers & Toll PLLC**
                                       1100 New York Ave NW
                                       Suite 500 West
                                       Washington, DC 20005
                                       Tel: (202) 408-4600
                                       Fax: (202) 408-4699
                                       stoll@cohenmilstein.com
                                       bbrown@cohenmilstein.com
                                       elevens@cohenmilstein.com
                                       jdubner@cohenmilstein.com

                                       Manuel J. Dominguez
                                       **Cohen Milstein Sellers & Toll PLLC**
                                       2925 PGA Blvd., Suite 200
                                       Palm Beach Gardens, FL 33410
                                       Tel: (561) 833-6575
                                       jdominguez@cohenmilstein.com

Daniel E. Gustafson
Daniel C. Hedlund
Joseph C. Bourne
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

*Attorneys for Plaintiff and the Proposed
Class*