# Exhibit 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Sandra Landwehr, on behalf of herself and all others similarly situated, | Case No: 1:11-cv-01014 (CMH/TRJ) |
| Plaintiff, | **DECLARATION OF DANIEL C. HEDLUND IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |
| v. | |
| AOL Inc., | |
| Defendant. | |

I, Daniel C. Hedlund, declare as follows:

1.      I am a member of the law firm Gustafson Gluek PLLC.  I submit this Declaration in support of Plaintiff's Motion for Preliminary Approval of Proposed Settlement.  I have personal knowledge of the information set forth in this Declaration.

2.      I represent Plaintiff Sandra Landwehr and the Settlement Class in this matter. Ms. Landwehr called me and expressed interest in bringing this class action.  After investigating, my firm and I agreed to pursue this action along with Cohen Milstein Sellers & Toll PLLC.

3.      Ms. Landwehr has actively participated in this litigation.  She reviewed and commented on the draft complaint before filing; participated in discovery by producing documents and responding to interrogatories, prepared for her deposition, and was deposed; reviewed her expert's reports; had numerous conversations with her counsel about the case; and reviewed and commented on multiple drafts of the proposed settlement.

4.      The parties first began discussions regarding possible resolution of this matter in March, 2012.

5.      On April 16, 2012, I attended an all-day mediation before the Hon. Barry R. Poretz (ret.) along with Mr. Manuel J. Dominguez and Mr. Benjamin D. Brown.  Counsel for

AOL, a representative of AOL, and counsel for AOL's insurance carrier also attended.  With the mediator's guidance, the parties negotiated vigorously and at arm's length and were eventually able to reach an agreement in principle to settle Plaintiff's proposed class action.

6.      At the time of mediation, fact and expert discovery were substantially completed and Plaintiff's class certification motion had been filed.  As a result, Plaintiff's counsel and AOL's counsel were informed of the facts concerning liability and damages issues and the relative strengths and weaknesses of each side's litigation position.  Plaintiff's counsel analyzed and evaluated many contested legal and factual issues posed by the litigation so that adequate demands and accurate evaluation of AOL's positions could be made.

7.      Over the next several months, after reaching an agreement in principle during the mediation, Plaintiff's counsel and AOL's counsel participated in telephone conferences and other correspondence to discuss and negotiate settlement terms.  The settlement discussions and negotiations were always at arm's length and non-collusive.  Both sides vigorously negotiated their respective positions on all material terms of the settlement agreement.

8.      Based on my experience litigating this case and understanding of its strengths and weaknesses, as well as my experience throughout my career representing plaintiffs in complex class action litigation, I believe the proposed settlement is fair and achieves a good result for the proposed settlement class.

9.      Attached hereto as Exhibit "A" is a true copy and correct copy of the Settlement Agreement between Plaintiff and AOL.

10.      Attached hereto as Exhibit "B" is a true and correct copy of the firm resume of Gustafson Gluek PLLC.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

Dated: December 17, 2012

Daniel C. Hedlund

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| SANDRA LANDWEHR, on behalf of herself and all others similarly situated,<br><br>          *Plaintiff*,<br><br>     *v*.<br><br>AOL INC.,<br><br>          *Defendant*. | Case No. 1:11-cv-01014-CMH-TRJ |

**<u>CLASS ACTION SETTLEMENT AGREEMENT</u>**

This CLASS ACTION SETTLEMENT AGREEMENT (the "Agreement") is made and entered into this 12th day of December 2012, by and among Sandra Landwehr, individually and as the putative representative of the Settlement Class described in Paragraph 1 below ("Plaintiff"), and AOL Inc. ("AOL").  Plaintiff and AOL are referred to collectively herein as the "Parties" and each individually as a "Party."  The "Effective Date" of this Agreement shall be the date on which this Agreement has been duly executed by each of the Parties shown on the signature lines at the end of this Agreement.

WHEREAS, on September 21, 2011, Plaintiff commenced a putative class action in the United States District Court for the Eastern District of Virginia (the "Court") captioned *Sandra Landwehr v. AOL Inc.*, Case No. 1:11-cv-01014-CMH-TRJ (the "Action") asserting three claims for relief:  Count I, for alleged violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*, Count II, for alleged violations of the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*, and Count III, for unjust enrichment; and

WHEREAS, the Parties have engaged in fact and expert discovery, including the exchange of documents, interrogatories, requests for admission, expert reports, and have taken depositions; and

WHEREAS, Plaintiff filed a Motion for Class Certification on April 6, 2012, but that Motion has yet to be ruled upon; and

WHEREAS, AOL denies having committed any violation of law; and

WHEREAS, there has been no admission or findings of facts or liability by or against either Party and nothing herein should be construed as such; and

WHEREAS, the Parties participated in a mediation with the Honorable Barry R. Poretz (Ret.) on April 16, 2012; and

WHEREAS, as a result of that mediation process, Plaintiff and AOL each desire that the Action be resolved as set forth in this Agreement (the "Settlement"), and each Party, having received the full advice and benefit of counsel, believes the terms set forth in this Agreement to be fair and reasonable;

WHEREAS, AOL denies Plaintiff's allegations, has not conceded or admitted any liability, and has asserted affirmative defenses to Plaintiff's claims;

WHEREAS, AOL, despite its belief that it has meritorious defenses to the claims alleged, nevertheless has agreed to enter into this Agreement to avoid further litigation;

WHEREAS, Plaintiff, despite her belief that she has meritorious claims, has concluded that a settlement with AOL according to the terms and conditions set forth below is in the best interest of Plaintiff and the Settlement Class;

NOW and THEREFORE, in exchange for the mutual promises contained in this Agreement and other good and valuable consideration, and to effectuate full and final settlement of the Action, the Parties agree as follows:

1

## PRELIMINARY CERTIFICATION OF SETTLEMENT
## AND SETTLEMENT CLASS

1.      <u>Settlement Class</u>.  AOL agrees, solely for the purposes of this Settlement and its implementation, that the following class (the "<u>Settlement Class</u>") shall be certified under Federal Rule of Civil Procedure 23(b)(3):

> All persons residing in the United States or its territories whose internet search query data was made available for download from research.aol.com in 2006.

Excluded from the Settlement Class are employees of AOL and their immediate families.

2.      <u>No Admission</u>.  This agreement shall in no event be construed or deemed to be evidence of or an admission or concession by any Party of any strength or infirmity in the claims asserted or defenses interposed both as to the merits of this action as well as the certification of a class.

3.      <u>Settlement Class Counsel</u>.  Solely for the purpose of implementing this Agreement, AOL stipulates that the Court may enter an order appointing Plaintiff as the representative of the Settlement Class, and appointing as class counsel ("<u>Settlement Class Counsel</u>") for the Settlement Class, collectively, the law firms of Gustafson Gluek PLLC and Cohen Milstein Sellers & Toll PLLC.

## CLASS NOTICE AND OPT-OUT PROCEDURES

4.      <u>Class Notice Procedure</u>. Pursuant to Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), the Parties, having consulted with a notice expert, agree that the best notice that is practicable under the circumstances of this settlement shall consist of publication of an advertisement giving notice of the settlement, in the form of Exhibit A (the "<u>Published Notice</u>"), one time in selected national consumer magazines and one time in national newspaper supplements, during a period of four weeks.  Publication of the Published Notice shall take place within sixty (60) days after the date of the Preliminary Approval Order (the first date of publication being the "<u>Initial Notice Date</u>" and the last date of publication being the "<u>Final Notice Date</u>").  AOL shall bear the cost of design, production, and publication of the Published Notice, and any associated costs.  In addition, an official notice, in the form of Exhibit B, (the "<u>Official Notice</u>") shall be made available for download from www.aolsearchdatasettlement.com or upon request from a Settlement Class member.

5.      <u>Settlement Notice Website</u>.  AOL also will maintain a settlement notice website (the "<u>Website</u>") that makes available for download copies of the Official Notice, this Agreement, and a Claim Form (in the form of Exhibit C (the "<u>Claim Form</u>")).  AOL shall maintain the Website from the Initial Notice Date through the date of the deadline for Settlement Class members to submit Claim Forms.  AOL shall bear the cost of the creation, hosting, and administration of the Website.

6.      <u>Unauthorized Notice</u>.  Neither Settlement Class Counsel, nor any person acting on behalf of Settlement Class Counsel, shall provide or publish any form of notice except

as provided for herein without the prior written approval of AOL other than any information provided to any Court in furtherance of this Settlement Agreement.

       7.    <u>Response to Queries</u>.  Settlement Class Counsel, or their designees, may respond to all inquiries from members of the Settlement Class.

       8.    <u>Public Statements</u>.  Plaintiff, Settlement Class Counsel, and AOL hereby agree not to initiate, nor respond to, any communications with the media or press, on the Internet, or in any public forum, orally or in writing, that relate to this Settlement or the Action, other than by statements that are fully consistent with the Official Notice.  No press release or similar communication shall be issued.  This does not preclude Settlement Class Counsel from communicating with Settlement Class Members as set forth in Paragraph 7 above.  For the avoidance of doubt, this Paragraph does not preclude Settlement Class Counsel or AOL's counsel from providing information to any Court in furtherance of the implementation of this Settlement and Agreement.

       9.    <u>Opt-Out Procedure</u>.  All potential members of the Settlement Class shall have forty-five (45) days after the Final Notice Date to submit requests for exclusion from the Settlement Class.  The requests for exclusion must be prepared and submitted in the manner set forth in the Official Notice.  Plaintiff agrees that she shall not elect or seek to opt out or exclude herself from the Settlement Class.

### CLAIM FORMS AND SETTLEMENT ADMINISTRATION PROCEDURE

       10.    <u>Eligibility</u>.  To be eligible for any settlement payment set forth in Paragraphs 12 or 13, a Settlement Class member must (i) truthfully, accurately, and completely fill out the Claim Form, (ii) sign the Claim Form under penalty of perjury, (iii) mail or email the Claim Form to the addresses provided for on the Claim Form on or before seventy (70) days after the Final Approval Order and Judgment (the "<u>Final Approval Order</u>"), and (iv) cash any settlement check within one hundred and eighty (180) days of the check date.  Claim Forms may be submitted by a legally authorized guardian or representative of an incapacitated, deceased, or minor member of the Settlement Class.

       11.    <u>Availability of Claim Form</u>.  A copy of the Claim Form may be requested either from AOL after the Initial Notice Date by telephone or downloaded from the Website after the Initial Notice Date through the submission deadline specified in the Claim Form.

### RELIEF TO QUALIFYING SETTLEMENT CLASS MEMBERS

       12.    <u>Settlement Payments</u>.  Settlement payments shall be made to Settlement Class members eligible to receive a settlement payment as follows:

       (a)    *Tier 1 Payment*:  A Settlement Class member who timely submits a completed Claim Form that satisfies the requirements of Paragraph 10 in which the Settlement Class member states truthfully and under penalty of perjury that (i) he or she was an AOL Member during the period March 1, 2006 through May 31, 2006, and (ii) he or she believes in good faith that search queries entered using his or her AOL screen name were contained in the search data that was made available for download from

research.aol.com in 2006 (the "<u>Search Data</u>"), will be entitled to receive a cash payment in the amount of $50.

(b)     *Tier 2 Payment*:   A Settlement Class member who timely submits a completed Claim Form that satisfies the requirements of Paragraph 10 in which the Settlement Class member states truthfully and under penalty of perjury that (i) he or she was an AOL Member during the period March 1, 2006 through May 31, 2006, (ii) he or she believes in good faith that search queries entered using his or her AOL screen name were contained in the Search Data, and (iii) he or she has been identified or can be identified to a reasonable degree of certainty by a third party other than an AOL employee and other than by identifying himself or herself as an affected user to that third party or by disclosing the content of his or her searches, as a user whose search queries were contained in the Search Data, will be entitled to receive a cash payment in the amount of $100.

13.     <u>Expedited Arbitration</u>.

(a)     Any Settlement Class member who timely submits a completed Claim Form that satisfies the requirements of Paragraph 10 in which the Settlement Class member truthfully and under penalty of perjury states that (i) he or she was an AOL Member during the period March 1, 2006 through May 31, 2006, (ii) he or she believes in good faith that search queries entered using his or her AOL screen name were contained in the Search Data, (iii) he or she has been identified or can be identified to a reasonable degree of certainty by a third party, other than an AOL employee and other than by identifying himself or herself as an affected user to that third party or by disclosing the content of his or her searches, as a user whose search queries were contained in the Search Data, and (iv) he or she has suffered damages in excess of $100 as a direct result of his or her search queries being in the Search Data for which he or she has not been previously compensated, may elect to forego any Tier 1 or Tier 2 Payment, if any, in favor of expedited binding dispute resolution ("<u>Expedited Arbitration</u>").   Those Settlement Class members who elect this option shall be considered to comprise a distinct third tier of claimants ("<u>Tier 3</u>").   The Expedited Arbitration proceedings will be conducted in accordance with the rules set forth herein.   Arbitration services will be provided by the McCammon Group, The Reynolds Building, 6641 W Broad Street, Suite 400, Richmond, Virginia 23230 and will be presided over by the Honorable Barry R. Poretz (the "<u>Arbitrator</u>").   A Settlement Class member who elects to pursue Expedited Arbitration may not re-elect to receive a Tier 1 or Tier 2 Payment, regardless of whether the payment otherwise available under those Tiers would have been greater than that ultimately awarded by the Arbitrator.   In the event that a Settlement Class member who does not allege that he or she has suffered damages in excess of $100 attempts to elect to pursue Expedited Arbitration, he or she shall be treated as if electing and requesting a Tier 1 or 2 Payment.   The appropriate Tier will be determined by Settlement Class Counsel and by AOL.

(b)     Upon electing to pursue Expedited Arbitration, a Settlement Class member shall mail to the claims administrator, Heidi Jongquist, (the "<u>Claims Administrator</u>"), at AOL Inc., P.O. Box 65771 Sterling, VA  20165-8806, along with a signed and completed

copy of the Claim Form, (i) a letter of no more than five (5) pages in length, submitted under penalty of perjury and with actual knowledge or on a good faith basis, fully setting forth the basis for any and all claims for compensable injury alleged by the Settlement Class member, including the amount of damages sought (a "Claim Letter"), and (ii) any and all documents that the Settlement Class member wishes to have considered by the Arbitrator.  Settlement Class members shall be entitled to assert only those claims available to them under federal law, as interpreted by the Supreme Court of the United States and federal courts within the Fourth Circuit, or the laws of the Commonwealth of Virginia, exclusive of their choice-of-law provisions.  The Claim Form, Claim Letter, and any supporting documents must be postmarked on or before seventy (70) days after the Final Approval Order.  Upon receipt of these submissions, AOL shall forward the same to Settlement Class Counsel and the Arbitrator.

(c)     AOL may submit to the Claims Administrator, postmarked on or before eighty-five (85) days after the Final Approval Order, (i) a letter of no more than five (5) pages in length setting forth AOL's defenses to the claims set forth in the Claim Letter (a "Response Letter"), and (ii) any and all documents that AOL wishes to have considered by the Arbitrator.  AOL shall submit a copy of any Response Letter and supporting documents to Settlement Class Counsel and the relevant Settlement Class member.  The Claims Administrator shall forward the Response Letter to the Arbitrator.  For purposes of Expedited Arbitration only, AOL may not argue that its conduct did not violate ECPA, that ECPA is unconstitutional, or that a claim is barred by estoppel, waiver, laches, or any statute of limitations.  AOL may assert any other factual or legal defense.  AOL's agreement not to assert certain defenses shall in no event be construed or deemed to be evidence of or an admission or concession by AOL concerning the merits, applicability, and availability of those defenses and Plaintiff stipulates that, in the event this Settlement is not approved or either party withdraws from this Settlement, AOL may assert any and all available defenses and claims in the Action and that Plaintiff shall not argue that AOL is, as a result of the Settlement, barred from asserting those defenses or claims.

(d)     Rather than file a Response Letter, AOL may decide to simply pay the relief requested by the Settlement Class member in his or her Claim Letter.  In those circumstances, the Settlement Class member may not seek further relief, no further proceedings shall occur regarding that Settlement Class member's claim, and the requested relief is final.

(e)     Settlement Class Counsel may submit to the Claims Administrator, postmarked on or before seven (7) days after receipt of any Response Letter, a letter of no more than three (3) pages in support of the relevant Settlement Class member's Claim (a "Reply Letter").  Settlement Class Counsel shall submit a copy of any Reply Letter to AOL and the relevant Settlement Class member simultaneously with its submission to the Claims Administrator.  The Claims Administrator shall forward the Reply Letter to the Arbitrator.

(f)     AOL and Settlement Class Counsel may also each submit to the Claims Administrator, postmarked on or before one hundred (100) days after the Final Approval Order, an omnibus memorandum of law addressing issues raised by the claims of

Settlement Class members seeking Expedited Arbitration. The omnibus memorandum may not exceed ten (10) pages in length and must conform to the formatting requirements related to fonts, margins, and line spacing for memoranda filed in the Eastern District of Virginia. AOL and Settlement Class Counsel shall submit a copy of any omnibus memorandum to each other and to any relevant Settlement Class member simultaneously with its submission to the Claims Administrator. The Claims Administrator shall forward the omnibus memorandum of law to the Arbitrator.

(g)     No discovery shall be permitted.

(h)     The Arbitrator shall apply the laws of the Commonwealth of Virginia, exclusive of its choice-of-law provisions, and federal law (as interpreted by the Supreme Court of the United States and federal courts within the Fourth Circuit) in ruling on any claims submitted to him.

(i)     The Arbitrator will submit his ruling in writing to the Parties on or before forty-five (45) days after the Settlement Class members' deadline to mail Claim Forms. The ruling will be a standard, unreasoned award. The Claims Administrator shall deliver to any Settlement Class member electing Expedited Arbitration the Arbitrator's written ruling on her respective claim within fourteen (14) days after receipt of that ruling.

(j)     The Arbitrator may grant settlement payments ("Arbitration Awards") only on an individual basis. For purposes of Expedited Arbitration only, no joinder, request for class certification, or representative action may be made or granted. The Arbitrator shall not be permitted to award, and Settlement Class members shall expressly waive, any claim for punitive damages, attorneys' fees, and injunctive relief. The Arbitrator is authorized to award any and all damages or costs to which the claimant would be entitled in any court other than punitive damages, attorneys' fees, or injunctive relief or other equitable relief.

(k)     AOL shall be responsible for payment of the Arbitrator's fees and costs. For the avoidance of doubt, AOL shall not be responsible for the payment of any attorneys' fees or costs incurred by a Settlement Class member who elects to pursue Expedited Arbitration and the Arbitrator shall not have the power to award any such fees or costs to such a Settlement Class member or her counsel unless the Arbitrator finds that AOL has acted in bad faith in opposing the Settlement Class member's claim.

14.     Right To Verify. The Parties reserve the right to independently verify any and all information that any Settlement Class member or AOL provides on a Claim Form or in a Claim Letter, Response Letter, or Reply Letter, including to ensure consistency with AOL's records. The Arbitrator shall resolve any such issues raised, and his determination shall be final and binding, with no appeal. AOL or the Settlement Class member shall bear its own verification costs, except that, if AOL makes any representation as to the contents of its records, it shall make a copy of those records available to the relevant class member at no cost.

15.     Confidentiality. All Claim Forms, Claim Letters, Response Letters, Reply Letters, and Omnibus Memoranda, as well as any supporting documents submitted pursuant to

Paragraph 13(b)(ii), shall be treated as confidential and subject to Paragraph 34 of this Agreement.

16.    <u>Time For Payment</u>.  No later than the later of (a) sixty (60) days after all timely submitted claims, including all claims submitted for Expedited Arbitration, have been fully and finally resolved and/or adjudicated pursuant to the procedures set forth in this Agreement, (b) sixty (60) days after the resolution of any motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A), or (c) sixty (60) days after the full and final resolution of any appeal of the Final Approval Order, (the "<u>Settlement Funding Date</u>"), AOL shall (i) identify the aggregate amount of cash payments owed to Settlement Class members pursuant to Paragraphs 12 and 13, and (ii) make individual cash payments to those Settlement Class members that qualify for such payments pursuant to Paragraphs 12 and 13.  Time is of the essence, and qualified Settlement Class members who do not cash, deposit, or otherwise negotiate their settlement checks within one hundred and eighty (180) days of the Settlement Funding Date shall no longer qualify for a cash payment.

17.    <u>Limitation On Liability</u>.  Notwithstanding anything to the contrary herein, AOL will, under no circumstances, be required to make aggregate cash payments pursuant to Paragraphs 12 and 13 (excluding Arbitrator's fees and costs as detailed in Paragraph 13(j)) in excess of five million dollars ($5,000,000).  In the event that claims made pursuant to Paragraphs 12 and 13 otherwise would require AOL to make aggregate cash payments in excess of five million dollars ($5,000,000), AOL will make a cash payment of five million dollars ($5,000,000), and the cash payments to those entitled to cash payments pursuant to Paragraphs 12 and 13 will be reduced on a *pro rata* basis in proportion to the monetary value of each Settlement Class member's Tier 1 or Tier 2 Payment or Arbitration Award.  In the event that the arbitration awards and claims exceed $5 million, the parties agree that $750,000 of the settlement will exclusively be used to pay the Arbitration Awards to Tier 3 claimants.  If the Arbitration Awards for Tier 3 claimants are more than $750,000, the Tier 3 claimants will share the award on a *pro rata* basis from the first $750,000.  Any amount remaining unsatisfied from a Tier 3 award after the *pro rata* distribution will then be submitted as a claim and be paid on a *pro rata* basis with Tier 1 and Tier 2 claimants from the remaining $4,250,000.  If all claims are more than $5 million and the Tier 3 Arbitration Awards can be satisfied from the first $750,000, then any remaining amounts will be added to the $4,250,000 and shared on a *pro rata* basis by Tier 1 and Tier 2 claimants.

18.    <u>Non-Monetary Relief</u>.

(a)    AOL represents that it has established policies and procedures that it believes, in good faith, mitigate the possibility that individuals within AOL might make available for download by non-AOL employees the type of search data made available for download from research.aol.com in 2006.  Specifically, AOL has implemented Standards of Business Conduct training for its employees designed to ensure that they identify potential privacy issues that then can be escalated within AOL, as appropriate.

AOL warrants that it will maintain substantially the same policies and procedures for a period of three years from the Effective Date of this Agreement.  AOL shall, however, be entitled to modify those policies and procedures in any respect in the event that any of

Microsoft, Yahoo, or Google adopts policies or practices that are less burdensome than those policies and procedures referred to in this Paragraph.  In the event this occurs, AOL shall notify Settlement Class Counsel.

(b)     If an AOL Member contacts AOL and is able to show that (i) she has been, or can be, identified by a third party other than by AOL (and other than by identifying herself to that third party) as a user whose search queries were contained in the Search Data, and (ii) those search queries are available for download from or for review on a third-party website, AOL will make reasonable efforts to assist that AOL Member in contacting the third-party website and requesting the removal of those search queries.  For the avoidance of doubt, nothing in this Agreement shall require AOL to bring any proceedings, or finance any third-party legal proceedings, against any third-party website or any administrator, owner, or webmaster of such a website.

## ATTORNEYS' FEE AND INCENTIVE AWARD

19.     <u>Fee Award Application</u>.  AOL agrees to pay Settlement Class Counsel's attorneys' fees and costs, in an amount to be determined by the court, separately and in addition to the cash payments to claimants in this Settlement and that the $5,000,000 limitation on liability in Paragraph 17 does not include such payments of attorneys' fees and costs.  Settlement Class Counsel will petition the court for attorneys' fees and the reimbursement of costs associated with the prosecution of this matter.  AOL will not contest Settlement Class Counsel's right to an award of attorneys' fees and costs as determined by the court; AOL does, however, reserve the right to contest the amount of attorneys' fees or cost reimbursements requested by Settlement Class Counsel.  Either party may elect to appeal the court's decision awarding attorneys' fees and reimbursement of costs.  The payment of attorneys' fees and the reimbursement of costs by AOL will not in any way limit or affect benefits made available to the Settlement Class.  The Parties expressly agree that the terms of this Agreement are not conditioned upon any minimum or maximum attorneys' fees award.  Further, any contested proceedings as to attorneys' fees or reimbursement of costs to Settlement Class Counsel will proceed separately from any proceedings seeking approval of the Settlement terms.  In this manner, if the Court approves the Settlement terms other than attorneys' fees and reimbursement of costs, the parties will be obligated to comply with all of the terms of this Agreement (other than Paragraphs 19 and 20) regardless of the progress or outcome of any dispute related to the attorneys' fees or reimbursement of costs.

20.     <u>Payment Of Fee Award</u>.  No later than the later of (i) forty-five (45) days after the date of the entry of the Final Approval Order, (ii) forty-five (45) days after the resolution of any motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A), or (iii) thirty (30) days after the full and final resolution of any appeal of the Final Approval Order, AOL will pay the amount of fees awarded by the Court to Settlement Class Counsel in accordance with a written fee-division agreement to be provided by Settlement Class Counsel or as otherwise directed in writing and signed by Settlement Class Counsel.  Except for AOL's payment of Settlement Class Counsel's attorneys' fees and costs as referred to in Paragraph 19 or such attorneys' fees awarded by the Arbitrator pursuant to Paragraph 13(j), AOL shall not be responsible to Plaintiff, Settlement Class Counsel, or any member of the Settlement Class for any attorneys' fees, costs, or expenses.

8

21.   <u>Payment Of Incentive Award</u>.  Settlement Class Counsel intends to ask the Court to award Class Plaintiff Sandra Landwehr $9,900 for her time and effort in prosecuting this class action on behalf of the absent Class members.  AOL agrees to take no position before the Court on Settlement Class Counsel's request.  AOL further agrees that Ms. Landwehr shall be treated solely for purposes of this Settlement as entitled to a Tier 2 payment and as having elected to receive such an award.

## **FINAL APPROVAL, DISMISSAL OF CLAIMS, AND RELEASES**

22.   <u>Action Of Parties With Respect To Obtaining Preliminary And Final Approval For Settlement</u>. The Parties will take all necessary steps to obtain approval of this Settlement, including:

(a)   Plaintiff will file a request that the Court enter an order in the form of Exhibit D preliminarily approving this Settlement (the "<u>Preliminary Approval Order</u>") and that the Published Notice be published in accordance with Paragraph 4 above.

(b)   The Parties will jointly request the Court to set a schedule for final briefing, objections, replies to objections, and hearing on approval of the Settlement, with a hearing date no fewer than fifteen (15) days after the final date for service of written objections to the proposed settlement set forth in the Official Notice.  The Parties shall request that the Final Approval Order in the form of Exhibit E be entered at the final settlement approval hearing.

(c)   AOL will provide written notice to the appropriate Federal and State officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715, such notice to be completed no more than ten (10) days after the filing of the motion for preliminary approval of the proposed settlement.  AOL also will provide a copy of this notice to Class Counsel.

23.   <u>Dismissal Of The Action</u>.   Upon entry of the Final Approval Order, Plaintiff shall take all steps necessary to dismiss the Action with prejudice, including all claims asserted, or that could have been asserted, in the Action.

24.   <u>Releases</u>.

(a)   *Definitions*:

(i)   "Releasees" shall mean AOL and its present or former agents, affiliates, parents, subsidiaries (including the directors and officers of such affiliates, parents, and subsidiaries), general partners, limited partners, partnerships, and their respective officers, directors, managing directors, employees, agents, insurers, attorneys, advisors, accountants, auditors, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, personal representatives, estates, administrators, successors, and assigns.

9

(ii)    "Released Claims" shall mean any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets, or liabilities, including but not limited to claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, unjust enrichment, money had and received, bad faith, breach of statutory duties (including, but not limited to, violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*, the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*, and any other federal or state privacy and/or consumer statutes), actual or constructive fraud, misrepresentations, fraudulent inducement, statutory consumer fraud or protection violations, breach of fiduciary duty, unfair or deceptive business or trade practices or acts, restitution, rescission, conversion, compensatory, statutory, or punitive damages, mental or emotional distress, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties, and any other claims, whether known or unknown, alleged or not alleged in the Action, suspected or unsuspected, contingent or matured, under federal, state, or local law, which Plaintiff or any Settlement Class member had, now has, or may in the future have with respect to any conduct, act, representation, omission, fact, matter, transaction or oral or written statement or occurrence prior to the date of the entry of the Preliminary Approval Order involving, based on, relating to, arising out of, or in any way connected with, directly or indirectly, the factual allegations in the Amended Class Action Complaint dated November 17, 2011 or otherwise arising out of the search data collected by AOL in March, April, and May 2006 or released on the research.aol.com website in July and August 2006; AOL's collection, retention, handling, release, or dissemination of search data; or the research.aol.com website.

(b)    *General Release By Plaintiff.*  Plaintiff expressly agrees that, upon entry of the Final Approval Order, she shall release the Releasees of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against the Releasees any Released Claims, that have been, could have been, may be, or could be alleged or asserted now or in the future by Plaintiff, either directly or as the representative of other persons or entities, against the Releasees or any of them in the Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicating body on the basis of, connected with, arising out of or related to the Released Claims.

(c)    *General Release By The Settlement Class Members.*  Other than those individuals who elect to opt out pursuant to Paragraph 9 above, the Settlement Class members shall release by operation of law, upon entry of the Final Approval Order, the Releasees of and from all Released Claims and shall not now or hereafter initiate, maintain, or assert against the Releasees any Released Claims, that have been, could have been, may be, or could be alleged or asserted now or in the future by the Settlement Class members, either directly or as the representative of other persons or entities, against the Releasees or any of them in any court action or before any administrative body, tribunal, arbitration panel, or other adjudicating body on the basis of, connected with, arising out of, or related to, the Released Claims.

(d)      *Enforcement Of Agreement*.  Nothing in this Paragraph 24 shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed herein; provided, however, that no Settlement Class member shall have any claim against Settlement Class Counsel, the Arbitrator, the Claims Administrator, AOL, or AOL's counsel based on the claims administration process described in Paragraphs 10 through 13 above performed substantially in accordance with this Agreement.

(e)      *Release And Waiver Of Unknown Claims*.  Plaintiff and the Settlement Class expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that, notwithstanding the choice of law provisions in the Agreement, California or other law may be applicable, Plaintiff and the Settlement Class hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived and relinquished by the Plaintiff and the Settlement Class to the fullest extent permitted by law solely in connection with unknown claims constituting Released Claims, and the Plaintiff and the Settlement Class hereby agree and acknowledge that this is an essential term of this Agreement.  In connection with this Agreement, the Plaintiff and the Settlement Class acknowledge that they are aware that they may hereafter discover claims presently unknown or not suspected or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein.  Nevertheless, it is the intention of the Plaintiff and the Settlement Class in executing this Agreement to fully, finally, and forever settle and release all Released Claims which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action).

## WITHDRAWAL FROM SETTLEMENT

25.      <u>Withdrawal Due To Court Action</u>.  Within fifteen (15) days after the occurrence of any of the following events, and upon written notice to counsel for each Party, either Party shall have the right to withdraw from the Settlement:

(a)      if the Court fails to approve the Agreement or if on appeal any order of the Court approving the Settlement is reversed or modified; or

(b)      if the Court alters any of the material terms of the Agreement; or

(c)      if the Preliminary Approval Order or the Final Approval Order is not entered by the Court, or is reversed or modified on appeal, or otherwise fails for any reason.

26.      <u>Withdrawal Due To Opt-Outs</u>.   If more than one thousand (1,000) members of the Settlement Class timely submit a valid request for exclusion from the Settlement Class as set forth in Paragraph 9 (other than Settlement Class members expressing their satisfaction with AOL and/or disclaiming any claim against AOL), or if any state, federal, or local governmental authority seeks to opt out of the Settlement on behalf of its residents, then AOL may, at its option, withdraw from this Agreement.   In order to elect to withdraw from this Agreement on the basis set forth in this Paragraph 25, AOL must notify Settlement Class Counsel in writing of its election to do so within ten (10) business days after the Opt-Out List (as defined below) has been served on Settlement Class Counsel or after receipt of any communication from any state, federal, or local governmental authority informing AOL that it is opting out of the Settlement on behalf of its residents.

27.      <u>Effect Of Withdrawal On Class Certification</u>.   In the event of a withdrawal pursuant to Paragraph 25 or 26, any certification of a Settlement Class will be vacated, without prejudice to either Party's position on the issue of class certification, and the withdrawing Party shall be restored to its litigation position existing immediately before the execution of this Agreement.

28.      <u>Effect Of Withdrawal On Defenses</u>.   In the event that AOL withdraws from this Agreement pursuant to Paragraph 25 or 26, Plaintiff stipulates that AOL may assert any and all available defenses and claims in the Action and that Plaintiff shall not argue that AOL is, as a result of the Settlement, barred from asserting those defenses or claims due to waiver, estoppel, or similar arguments as a result of the passage of time due to settlement negotiations or actions taken pursuant to this Agreement.

## <u>MISCELLANEOUS</u>

29.      <u>Responsibility For Administration And Administrative Costs</u>.   AOL shall be responsible for administrative tasks, including, (i) providing to Settlement Class Counsel copies of any and all objections, notices of intention to appear, and requests for exclusion from the Settlement Class, (ii) preparing a list of all persons who timely request exclusion from the Settlement Class (the "<u>Opt Out List</u>"), (iii) preparing a list of all persons who submit objections to the Settlement, (iv) providing to Settlement Class Counsel copies of every Claim Form returned by a Settlement Class member, and (v) communicating letters, documents, and rulings in connection with any Expedited Arbitration.   AOL and Settlement Class Counsel shall be responsible for arranging for the publication of the Published Notice set forth in Paragraph 4 at AOL's expense.

30.      <u>No Further Relief</u>.   Other than the relief granted in the Final Approval Order, the Parties shall take nothing on their claims, and any claims or relief not specifically granted shall be deemed dismissed with prejudice, and each Party shall bear its own costs.

31.  <u>No Admission Of Liability</u>.  Nothing contained in this Agreement shall be deemed or construed as an admission of any liability, or of any violation of any applicable law, rule, statute, regulation, order, understanding, agreement, or contract of any kind, whether alleged in the Action or otherwise.  Except in connection with the enforcement of this Agreement or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense, neither this Agreement, nor any of its terms or exhibits, nor any of the negotiations or proceedings connected with it, nor any of the actions taken hereunder shall be offered as evidence or received in evidence in any pending or future action or proceeding of any type whatsoever to establish any liability or admission by any Party, or any element or matter contrary to a Party's interests.

32.  <u>Consideration</u>.  The Parties acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Agreement, would not have been foregone or assumed.  Accordingly, the Parties agree that this Agreement is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

33.  <u>Covenant Not To Sue</u>.  The Parties agree that neither Party shall in any manner challenge the validity, legality, adequacy, or enforceability of this Agreement.  The Parties agree not to sue or in any way assist or encourage any other person or entity in suing any Party named herein (including their officers, directors, managers, owners, shareholders, partners, members, employees, representatives, attorneys, agents, successors, affiliates, assigns, spouse, significant other, heirs or beneficiaries) with respect to any Released Claims.  This Agreement may be pleaded by a Party as a full and complete defense to any action, suit, claim, or other proceeding that may be threatened, instituted, prosecuted, or attempted in breach of the covenants contained herein.  Notwithstanding the foregoing, nothing contained in this Paragraph shall restrict any Party from enforcing the terms of this Agreement.

34.  <u>Destruction Of Confidential Material</u>.  Except to the extent that copies of such material reside on archival backup media, within sixty (60) days of the date of the Settlement Funding Date, each Party, and any agent, consultant, vendor, or expert of such Party, shall destroy all copies of all materials provided by any other Party to this litigation or any third party that was designated "Confidential" or "Attorneys' Eyes Only" pursuant to the Agreed Protective Order Without Prospective Sealing Provision dated December 29, 2011 (the "<u>Protective Order</u>") (including, but not limited to, documents, interrogatory responses, deposition transcripts, pleadings, motion papers, and exhibits and any copies, abstracts, compilations, or summaries thereof) ("<u>Confidential Material</u>").  Each Party shall certify, within ninety (90) days of the date of the Settlement Funding Date, the destruction of such Confidential Material in writing to the other Party.  In the event that a Party is under a legal obligation to preserve Confidential Material, such Confidential Material shall be destroyed within thirty (30) days of that legal obligation ceasing to exist and the Party under such a legal obligation shall certify within fifteen (15) days thereof the destruction of such Confidential Material in writing to the other Party.  Notwithstanding the foregoing, counsel to the Parties are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Confidential Material.  For the avoidance of doubt, this Paragraph shall supersede the provisions of Paragraph 11 of the Protective Order, which Paragraph 11 shall have no further force or effect.

35.     <u>Binding Agreement</u>.  Each Party understands that this Agreement is a legally binding agreement that may affect such Party's rights.  Each Party represents to the other Party that such Party: (i) has received legal advice from counsel of its choice regarding the meaning and legal significance of this Agreement and is satisfied with its legal counsel and the advice received from it, (ii) has the full authority and legal power to execute and enter into this Agreement, (iii) owns and has not assigned or transferred to any other person or entity any or all of such Party's rights and claims as are being released, altered, or otherwise affected by this Agreement, and (iv) has not relied upon any representation or statement that is not contained in this Agreement.

36.     <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the Parties regarding the subject matter of this Agreement.   All prior understandings, oral representations, or agreements made between the Parties relating to the subject matter herein are superseded by this Agreement and shall have no force or effect and shall not be admissible in any proceeding between the Parties, including any proceeding to enforce the terms of this Agreement.  There are no other agreements, express or implied, between the Parties regarding the subject matter of this Agreement.  This Agreement may only be modified by a writing signed by both Parties.

37.     <u>Execution In Counterparts</u>.  This Agreement may be executed in any number of counterparts delivered via facsimile, electronically, or by any other means of transmission, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

38.     <u>Jurisdiction And Venue</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereto submit to the exclusive jurisdiction of the Court to resolve any and all disputes arising out of or relating to this Agreement.

39.     <u>Notices</u>.    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

<u>If to Plaintiff or to Plaintiff's Counsel:</u>

Manuel J. Dominguez
Benjamin Brown
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave NW
Suite 500 West
Washington, DC 20005

<u>If to AOL or to AOL's Counsel</u>:

Joseph Serino, Jr.
Andrew G. Horne
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022

Any Party hereto may change the address to which notices, requests, demands, claims, and other communications hereunder are to be delivered by giving the other Party hereto notice in the manner herein set forth.

       40.    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia, exclusive of its choice-of-law provisions.

       41.    <u>No Waiver</u>.  No waiver of any term or provision of this Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by both Parties.  No waiver of any term or provision of this Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

       42.    <u>Construction</u>.  This Agreement shall be construed without regard to the identity of the person who drafted its various provisions; each and every provision of this Agreement shall be construed as though both of the Parties participated equally in the drafting of the same, and any rule of construction that a document is to be construed against the drafter shall not be applicable to this Agreement.

       43.    <u>Amendment</u>.  This Agreement may be modified or amended only by a writing signed by both Parties.

       44.    <u>Severability</u>.  This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

       45.    <u>Headings</u>.  The headings of the Paragraphs of this Agreement are for reference only and do not control the interpretation of any term or condition of this Agreement.

       46.    <u>Implementation Of Settlement</u>.  The Parties hereby agree that time is of the essence and to use their good faith reasonable efforts in carrying out all of the terms of this Agreement.  Each of the Parties hereby agrees and authorizes its respective counsel to execute any additional documents and take any similar procedural actions which reasonably may be required in order to consummate this Agreement or otherwise to fulfill the intent of the Parties hereunder.

IN WITNESS WHEREOF, the Parties have read and understand the terms of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the dates shown by their signatures below.

Dated:  December 12, 2012        SANDRA LANDWEHR, on behalf of herself and as putative representative of the Settlement Class, herein

By: _____
      Sandra Landwehr


By: _____
      Manuel J. Dominguez
      Cohen Milstein Sellers & Toll PLLC
      1100 New York Avenue NW, Suite 500 West
      Washington, DC 20005

By: _____
      Daniel C. Hedlund
      Gustafson Gluek PLLC
      Canadian Pacific Plaza
      120 South 6th Street, Suite 2600
      Minneapolis, Minnesota 55402


Dated:  December 12, 2012        AOL INC.

By: _____
      J.L. Novak
      General Counsel – AOL Paid Service
      National Director of State Public Policy and
         Assistant General Counsel – AOL Inc.

16

IN WITNESS WHEREOF, the Parties have read and understand the terms of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the dates shown by their signatures below.

Dated:  December 12, 2012

SANDRA LANDWEHR, on behalf of herself and as putative representative of the Settlement Class, herein

By: _____
    Sandra Landwehr

By: _____
    Manuel J. Dominguez
    Cohen Milstein Sellers & Toll PLLC
    1100 New York Avenue NW, Suite 500 West
    Washington, DC 20005

By: _____
    Daniel C. Hedlund
    Gustafson Gluek PLLC
    Canadian Pacific Plaza
    120 South 6th Street, Suite 2600
    Minneapolis, Minnesota 55402

Dated:  December 12, 2012

AOL INC.

By: _____
    J.L. Novak
    General Counsel – AOL Paid Service
    National Director of State Public Policy and
        Assistant General Counsel – AOL Inc.

16

IN WITNESS WHEREOF, the Parties have read and understand the terms of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the dates shown by their signatures below.

Dated: December 12, 2012

SANDRA LANDWEHR, on behalf of herself and as putative representative of the Settlement Class, herein

By: *Sandra Landwehr*
    Sandra Landwehr


By: _____
    Manuel J. Dominguez
    Cohen Milstein Sellers & Toll PLLC
    1100 New York Avenue NW, Suite 500 West
    Washington, DC 20005


By: _____
    Daniel C. Hedlund
    Gustafson Gluek PLLC
    Canadian Pacific Plaza
    120 South 6th Street, Suite 2600
    Minneapolis, Minnesota 55402


Dated: December 12, 2012

AOL INC.

By: _____
    J.L. Novak
    General Counsel – AOL Paid Service
    National Director of State Public Policy and
       Assistant General Counsel – AOL Inc.

16

IN WITNESS WHEREOF, the Parties have read and understand the terms of this Agreement, agree to be bound by all of its provisions, and have executed this Agreement on the dates shown by their signatures below.

Dated: December __, 2012

SANDRA LANDWEHR, on behalf of herself and as putative representative of the Settlement Class, herein

By: _____
    Sandra Landwehr

By: _____
    Manuel J. Dominguez
    Cohen Milstein Sellers & Toll PLLC
    1100 New York Avenue NW, Suite 500 West
    Washington, DC 20005

By: _____
    Daniel C. Hedlund
    Gustafson Gluek PLLC
    Canadian Pacific Plaza
    120 South 6th Street, Suite 2600
    Minneapolis, Minnesota 55402

Dated: December 10, 2012

AOL INC.

By: _____
    J.L. Novak
    General Counsel – AOL Paid Services
    National Director of State Public Policy and
    Assistant General Counsel – AOL Inc.

16

**EXHIBIT A**

**PUBLISHED NOTICE**

Legal Notice

# If You Were an AOL Member
# Between March 1, 2006 and May 31, 2006,

## You May Be Eligible for a Payment from a Class Action Lawsuit

### What is the lawsuit about?

In 2006, AOL made files containing some users' search queries available on the Internet. AOL said that the data was anonymous.  The lawsuit claims, however, that: 1) some users' identities could be determined from the data, and 2) that AOL violated certain privacy and consumer protection laws by making it available on the Internet.  AOL denies that it did anything wrong, and the Settlement does not prove otherwise.  Both sides have agreed to settle to avoid the costs and risks of trial.  A Court has not decided which side is right.

### Am I included?

You are a Class Member if: 1) You lived in the U.S. or its territories at any time between March and May of 2006, and 2) Your search query data was available for download from research.aol.com in 2006.  There is no way to determine based on your username alone whether your search data was included.

### What does the Settlement provide?

The Settlement will provide up to $5 million in payments to Class Members.  AOL has taken certain steps to reduce the possibility of a similar data release.  They will try to help Class Members who have been, or could be, identified by third-party websites that claim to host the search data by asking those sites to remove that data.  AOL will also pay certain fees and expenses.

### How much money could I get?

You may be eligible for a cash payment of at least $50 from the Settlement.  You will need to file a claim to get a payment.  Your actual payment amount may be less than $50 depending on the number of valid claims received and whether you have been, or could be, identified by a third party.

### How do I get benefits?

You need to file a claim by **Month 00, 2013** to get a payment.  Claim forms and details on how to file are available at www.aolsearchdatasettlement.com or by calling 1-855-575-0127.

### What are my options?

You do not have to do anything to remain in the Class, but you need to submit a Claim Form to receive a payment.  Remaining in the Class will mean that you are bound by all orders of the Court and will not be able to sue AOL for the claims being resolved by the

Settlement.  If you want to sue AOL separately about the claims in this case, you must exclude yourself in writing by **Month 00, 2013**.  If you ask to be excluded, you cannot get a payment from this Settlement.  If you stay in the Settlement, you may object to it in writing by **Month 00, 2013**.

The Court will hold a hearing on **Month 00, 2013** to consider whether to approve the Settlement, a request for attorneys' fees and expenses of up to $X (the amount of which AOL reserves the right to contest), and a payment of $9,900 for the Class Representative who helped the lawyers on behalf of the whole Class.  If you wish, you or your own lawyer may ask to appear or speak at the hearing at your own expense.

**For more information: 1-855-575-0127     www.AOLSearchDataSettlement.com**

**EXHIBIT B**

**OFFICIAL NOTICE**

U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

# If You Were an AOL Member
# Between March 1, 2006 and May 31, 2006,
# You May Be Eligible for a Payment from a
# Class Action Settlement

*A court authorized this notice.  This is not a solicitation from a lawyer.*

**Even if you do nothing, your legal rights may be affected by a class action lawsuit
pending in this court.  Read this Notice carefully.**

• A Settlement has been reached with AOL Inc. ("AOL") in a class action lawsuit
  about certain users' search query data that were made available for download from
  the Internet in 2006.  AOL said that the data was anonymous.  The lawsuit, however,
  claims that some users' identities could be determined from the search data and that
  AOL violated certain privacy and consumer protection laws.

• AOL denies it did anything wrong and the Settlement does not prove that AOL did
  anything wrong.

• The Settlement provides payments for anyone who: (a) had an AOL account between
  March 1, 2006 and May 31, 2006, and (b) believes in good faith that their search data
  may have been made public.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | The only way you may get a payment. |
| **ASK TO BE EXCLUDED** | Get no payment.  The only option that allows you to independently sue AOL over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court about why you don't like the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

• These rights and options – **and the deadlines to exercise them** – are explained in
  this notice.

• The Court in charge of this case still has to decide whether to approve the
  Settlement.  No payments may be made unless the Court approves the Settlement
  and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**........................................................................................................**PAGE 3**
    1.   Why was this Notice issued?
    2.   What is this lawsuit about?
    3.   Why is this lawsuit a class action?
    4.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**....................................................................................**PAGE 3**
    5.   How do I know if I'm included in the Settlement?
    6.   What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................................**PAGE 4**
    7.   What does the Settlement provide?
    8.   How much will my Settlement Payment be?
    9.   What is arbitration and how is an Arbitration Payment different?

**HOW TO GET BENEFITS**.............................................................................................**PAGE 6**
    10.  How can I get a Settlement Payment?
    11.  When will I get my Settlement Payment?
    12.  What if I disagree with the amount of my Settlement Payment?

**REMAINING IN THE SETTLEMENT**...............................................................................**PAGE 6**
    13.  Do I need to do anything to remain in the Settlement?
    14.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.........................................................**PAGE 7**
    15.  If I exclude myself, can I benefit from this Settlement?
    16.  If I don't exclude myself, can I sue AOL for the same thing later?
    17.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**............................................................................**PAGE 7**
    18.  Do I have a lawyer in this case?
    19.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**..............................................................................**PAGE 8**
    20.  How do I tell the Court that I do not like the Settlement?
    21.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING**.............................................................................**PAGE 8**
    22.  When and where will the Court decide whether to approve the Settlement?
    23.  Do I have to attend the fairness hearing?
    24.  May I speak at the fairness hearing?

**GETTING MORE INFORMATION**...................................................................................**PAGE 9**
    25.  How do I get more information about the Settlement?

**QUESTIONS? CALL TOLL-FREE 1-855-575-0127 OR VISIT WWW.AOLSEARCHDATASETTLEMENT.COM**

# Basic Information

**1.  Why was this Notice issued?**

A Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement.  This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge Claude M. Hilton of the U.S. District Court for the Eastern District of Virginia is overseeing this case.  The case is known as *Landwehr v. AOL Inc.*, No. 1:11-CV-01014.  The person who sued is called the Plaintiff.  The company being sued, AOL Inc. ("AOL") is called the Defendant.

**2.  What is this lawsuit about?**

In 2006, AOL made files containing some users' search queries available for download from the Internet at research.aol.com.  AOL said that this search data was anonymous.  The lawsuit claims, however, that (a) some users' identities could be determined from the search data, and (b) AOL violated certain privacy and consumer protection laws by making it available for download.  AOL denies that it did anything wrong.  This proposed Settlement does not mean AOL did anything wrong and the Court has not decided which side is right.

**3.  Why is this lawsuit a class action?**

In a class action, one or more people called "class representatives" sue on behalf of all people who have similar claims.  All of these people together are the "class" or "class members."  In this case, the Class Representative is Sandra Landwehr.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

**4.  Why is there a Settlement?**

By agreeing to settle, both sides avoid the cost and risk of a trial, and the people affected will get a chance to receive compensation.  The Class Representative and her attorneys think the Settlement is best for all Class Members.  The Settlement does not prove that AOL did anything wrong.

# Who is in the Settlement?

You need to decide whether you are included in the Settlement.

**5.  How do I know if I'm included in the Settlement?**

You are included as a Class Member if: (1) You lived in the United States or its territories at any time between March and May of 2006, and (2) Your search query data was available for download from research.aol.com in 2006.  There is no way to determine based on your username alone whether your search data was made available on that website.

**Questions? Call toll-free 1-855-575-0127 or visit www.AOLSearchDataSettlement.com**

3

AOL employees and their immediate families are not included in the Settlement.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
|---|

The Settlement will provide up to $5 million in cash payments to eligible Class Members who submit valid claims.  AOL will also:

- Maintain, for three years, policies and procedures that will reduce the possibility of a similar data release (although these policies and procedures may be changed if Microsoft, Yahoo!, or Google adopt less restrictive ones);
- Make reasonable efforts to help Class Members who have been, or can be, identified by third-party websites that claim to host the search data by contacting them to ask for the removal of those Class Members' data;
- Pay the cost to provide notice and administer the Settlement as well as certain attorney fees and the payment to the Class Representative (*see* Question 19).

More details are in a document called the Settlement Agreement, which is available at www.AOLSearchDataSettlement.com.

| 8.  How much will my Settlement Payment be? |
|---|

Class Members need to decide which kind of payment to claim.  There are three different types of payments:

- **Tier 1 Payment:** You are eligible for a payment of up to $50 if you:
  (a) Were an AOL member between March and May 2006, and
  (b) Believe in good faith that your search data was made available for download from research.aol.com.

- **Tier 2 Payment:** You are eligible for a payment of up to $100 if you:
  (a) Were an AOL member between March and May 2006,
  (b) Believe in good faith that your search data was made available for download from research.aol.com, **and**
  (c) Either: 1) you have been identified from that data or 2) another person or company could be reasonably certain of your identity based on the data.

- **Arbitration Claim:** If you are eligible for a Tier 2 Payment and feel you suffered losses greater than $100, you can give up your right to that Tier Payment and file an "Arbitration Claim."  If you choose to do so, a neutral party will assess your claim.  There is no guarantee your Arbitration Claim will be successful or that you will receive more than $100.

If you complete and file a valid Claim Form, your payment will be determined at a later date. Payment amounts will depend on the total number and amount of valid claims received. Payments may be reduced if the total amount of valid claims exceeds a certain amount, as detailed below.

If the total amount of valid claims filed is greater than the $5 million limit on total Tier and Arbitration Claim payments, then each Class Member's payment will be reduced in proportion to the value of that payment to ensure each eligible Class Member receives a payment.

Up to $750,000 of the $5 million limit on total Tier and Arbitration Claim payments will first be used to pay Arbitration Claim payments. Any Arbitration Claim payments left unpaid after the initial $750,000 is distributed will be paid out of the $5 million limit on total Tier and Arbitration Claim payments with the rest of the Settlement payments. These payments will use the same method of reducing the payments in proportion to their value to ensure all eligible Class Members receive a payment.

## 9. What is arbitration and how is an Arbitration Claim different?

Arbitration is a process that uses a neutral person to resolve disputes between consumers and businesses. In this case, Class Members who are eligible for a Tier 2 Payment and believe in good faith that they have suffered losses greater than $100 can give up their right to Tier 1 or Tier 2 Payment and file an Arbitration Claim. This may result in a larger payment.

Under this process, you must submit a letter describing your losses along with your Claim Form and any other supporting documentation you want to provide. The neutral person, called the "arbitrator," will assess your claim and decide whether you are entitled to a payment and, if so, how much your payment should be.

However, as part of this process, AOL has the right to submit a response letter to defend itself against your claims. Class Counsel may file a reply to AOL's letter to help you with your claim. Both AOL and Class Counsel also have the right to submit a longer document addressing issues that relate to all Arbitration Claims. After reviewing your and AOL's documents, the arbitrator may deny your claim and you may receive nothing. If that happens, you cannot choose to receive a Tier 1 or Tier 2 Payment instead.

Class Counsel (*see* Question 18) can help you prepare your claim if you want to file an Arbitration Claim.

**Settlement Payments awarded by the arbitrator are final and cannot be reviewed. You cannot appeal your Settlement Payment amount if you choose to file an Arbitration Claim.** Therefore, if you choose to file an Arbitration Claim, it is important to make the information you provide to the arbitrator count. You should seek help if needed, including help from Class Counsel. You will not have a second opportunity to question 1) The Settlement Payment amount (if any) awarded by the arbitrator, or 2) Any denial of your Arbitration Claim.

# HOW TO GET BENEFITS

**10.  How can I get a Settlement Payment?**

To ask for a Settlement Payment, you must complete and submit a Claim Form.  Claim Forms are available at www.AOLSearchDataSettlement.com or by calling 1-855-575-0127.  As noted on the Claim Form, depending on which payment option you select, you may have to provide additional information in order to get a payment.  Please read the instructions carefully, fill out the Claim Form and email it or mail it postmarked no later than _____, 2013 to:

> AOL Search Data Settlement
> P.O. Box 65771
> Sterling, Virginia 20165-8806

**11.  When will I get my Settlement Payment?**

Settlement Payments will be mailed to eligible Class Members who send in valid Claim Forms on time, after the Court grants "final approval" to the Settlement and after any appeals are resolved in favor of the Settlement.  If Judge Hilton approves the Settlement at the fairness hearing (*see* Question 22) there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time.  Please be patient.

**12.  What if I disagree with the amount of my Settlement Payment?**

If you have a question about your Settlement Payment for a Tier 1 or Tier 2 claim, you should contact the claims administrator at 1-855-575-0127.  Settlement Payments awarded in arbitration are not appealable and cannot be reviewed (*see* Question 9).

# REMAINING IN THE SETTLEMENT

**13.  Do I need to do anything to remain in the Settlement?**

You do not have to do anything to remain in the Settlement, but if you want a payment you will need to fill out and submit a Claim Form.

**14.  What am I giving up as part of the Settlement?**

If the Settlement becomes final, you will give up your right to sue AOL for the claims being resolved by this Settlement.  The specific claims you are giving up against the Defendants are described in Section 24 of the Settlement Agreement.  You will be "releasing" the Defendants and all related people as described in Section 24(a)(i) of the Settlement Agreement.  The Settlement Agreement is available at www.AOLSearchDataSettlement.com.

The Settlement Agreement describes the released claims more specifically, so read it carefully.  If you have any questions you can talk to the law firm listed in Question 18 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**QUESTIONS? CALL TOLL-FREE 1-855-575-0127 OR VISIT WWW.AOLSEARCHDATASETTLEMENT.COM**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want to keep the right to sue AOL about issues in this case, then you must take steps to get out of the Settlement.  This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

**15.  If I exclude myself, can I get a payment from this Settlement?**

No.  If you exclude yourself, you can't submit a Claim Form to ask for a payment because the Settlement will no longer apply to you.

**16.  If I don't exclude myself, can I sue AOL for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue AOL for the claims that this Settlement resolves.  You must exclude yourself from this Class to sue AOL over the claims resolved by this Settlement.  Remember, the exclusion deadline is _____, **2013.**

**17.  How do I exclude myself from the Settlement?**

To exclude yourself, you must prepare a written Exclusion Request (a letter) that includes:
- Your name, address, telephone number, and signature;
- Your current AOL screen name(s), if any, and your AOL screen name(s) between March 1, 2006 and May 31, 2006; and
- The following statement: "I request to be excluded from the Settlement Class in the matter of *Landwehr v. AOL*.  I understand that this exclusion means that I will not receive any monetary payment available under the proposed settlement."

You must mail your Exclusion Request, postmarked by **Month 00, 2013**, to:

AOL Search Data Settlement Exclusions
P.O. Box 65771
Sterling, Virginia 20165-8806

## THE LAWYERS REPRESENTING YOU

**18.  Do I have a lawyer in this case?**

Yes.  The Court appointed the following as "Class Counsel": Manuel J. Dominguez and Benjamin Brown of Cohen Milstein Sellers & Toll PLLC (1100 New York Avenue NW, Suite 500 West, Washington, DC 20005, (202) 408-4600) and Daniel C. Hedlund of Gustafson Gluek PLLC (Canadian Pacific Plaza, 120 South 6th Street, Suite 2600, Minneapolis, MN 55402, (612) 333-8844).  You will not be charged for these lawyers.  If you want to be represented by someone other than Class Counsel, you may hire a lawyer at your own expense.

**19.  How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses of up to $X to be paid by AOL. AOL reserves the right to challenge the amount of fees and expenses requested by Class Counsel. Class Counsel will also request that $9,900 be paid to the Class Representative, who helped the lawyers on behalf of the whole Class.   These fees and expenses will be in addition to the $5 million AOL could pay to the Class and will not come out of the payments to Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

**20.  How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you don't like all or part of it.  The Court will consider your views.  To do so, you must submit a written objection.  Be sure to include:
- Your name, address, telephone number, and your signature; and
- The reason why you believe you are part of the Class and the specific reasons why you object to the Settlement, whether you plan on appearing at the Fairness Hearing, and any legal support or evidence that supports your objection that you wish to bring to the Court's attention.

Mail the objection to the address below postmarked no later than _____, **2013**:

> AOL Search Data Settlement Objections
> P.O. Box 65771
> Sterling, Virginia 20165-8806

**21.  What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you don't exclude yourself from the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a "Fairness Hearing" to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

**22.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at __:00 _.m. on _____, **2013**, at the Albert V. Bryan U.S. Courthouse for the Eastern District Court of Virginia, 401 Courthouse Square, Alexandria, VA 22314.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.AOLSearchDataSettlement.com or call 1-855-575-0127.   At this

**QUESTIONS? CALL TOLL-FREE 1-855-575-0127 OR VISIT WWW.AOLSEARCHDATASETTLEMENT.COM**

hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.  If you do decide to attend the hearing, please note that you may not bring cell phones or other electronics into the courthouse.

## 23.  Do I have to attend the fairness hearing?

No.  Class Counsel will answer any questions that the Court may have regarding the terms of the Settlement.  However, you or your own lawyer are welcome to attend at your expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also have your own lawyer attend, but it is not necessary.

## 24.  May I speak at the fairness hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must submit a letter stating that it is your "Notice of Intention to Appear in *Landwehr v. AOL, Inc.*, No. 1:11-CV-01014."  Be sure to include:

- Your name, address, telephone number, and your signature; and
- The reason why you believe you are a Class member and any legal support or evidence that you wish to bring to the Court's attention.

Your Notice of Intention to Appear must be postmarked no later than _____, **2013**, and must be sent to all three of the addresses listed below.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| U.S. District Court for the Eastern District of Virginia 401 Courthouse Square Alexandria, VA 22314 | Manuel J. Dominguez Benjamin Brown Cohen Milstein Sellers & Toll PLLC 1100 New York Avenue NW Suite 500 Washington, DC 20005 | Andrew G. Horne Kirkland & Ellis LLP 601 Lexington Avenue New York, NY 10022 |

# GETTING MORE INFORMATION

## 25.  How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement at www.AOLSearchDataSettlement.com.  You may also write with questions to AOL Data Search Settlement, P.O. Box 65771, Sterling, VA 20165-8806.  You can also get a Claim Form at the website, or by calling the toll free number, 1-855-575-0127.

**QUESTIONS? CALL TOLL-FREE 1-855-575-0127 OR VISIT WWW.AOLSEARCHDATASETTLEMENT.COM**

**EXHIBIT C**

**CLAIM FORM**

| |
|---|
| **Must Be Postmarked No Later Than _____, 2013** |

AOL Search Data Settlement Administrator
P.O. Box 65771
Sterling, VA 20165-8806

**CLAIM FORM**
**AOL SEARCH DATA SETTLEMENT**

To be eligible for a Settlement payment from the AOL Search Data Settlement, you need to fill out and return this Claim Form, postmarked or emailed no later than _____, **2013**, to the claims administrator at: P.O. Box 65771, Sterling, VA 20165-8806 or admin@aolsearchdatasettlement.com.  You must provide complete and accurate information and submit your claim on time or you will not be eligible to receive a payment.  If you file more than one claim, your claims will be rejected.  AOL may review any claims submitted to determine if the information you provide is consistent with its records.

**Eligibility:**

To learn more about the Settlement and who is eligible for benefits, please see the Detailed Notice, available at www.aolsearchdatasettlement.com or 1-855-575-0127.  As explained in more detail in the Notice, there are three types of payments:

- **Tier 1 Payment:** If you were an AOL member between March and May 2006 and believe in good faith that your search data was made available for download from research.aol.com, you are eligible for a payment of up to $50.

- **Tier 2 Payment:** If you were an AOL member between March and May 2006 and believe that your search data was made available for download from research.aol.com, and either (a) you have been identified from that data, or (b) another person or company could be reasonably certain of your identity based on the data, you are eligible for a payment of up to $100.

- **Arbitration Claim:** If you are eligible for a Tier 2 Payment and feel you suffered losses greater than $100, you can give up your right to that Tier Payment and file an "arbitration" claim.  If you choose to do so, a neutral party will assess your claim.  There is no guarantee your Arbitration Claim will be successful or that you will receive more than $100.

**How to File a Claim for a Tier 1 or 2 Payment:**

Your Claim Form must be typed or printed in ink.  There are five steps to complete your Claim Form:
1. Complete the Class Member Information section providing basic information about yourself and your AOL account(s).
2. Answer each of the three questions about your eligibility and check the appropriate boxes.
3. Review the payment information and decide whether you want to receive a Tier Payment or file an Arbitration Claim (*see* the Arbitration Claim information below).
4. Sign and date the form under penalty of perjury.
5. Mail or email the form, postmarked or emailed no later than _____, **2013**.  If you are filing an Arbitration Claim, include the necessary documentation.

**How to File an Arbitration Claim:**

To file an Arbitration Claim:
1. Fill out the Claim Form as outlined above checking the Arbitration Claim box to indicate your choice.
2. Enclose your supporting documentation.

     a. Required: A letter (of no more than five pages) describing the basis for your claim, a statement of your alleged damages, and the total amount of your losses.

     b. Optional: <u>Copies</u> (on regular 8.5" x 11" size paper) of any and all documents supporting your claim that you want the arbitrator to consider.  Do not send originals.

3. Mail or email your Claim Form and supporting documentation, postmarked or emailed no later than _____, **2013** to the claims administrator as outlined above.

## 1. CLASS MEMBER INFORMATION.

Name: _____

Current Address: _____

_____

Current Telephone Number: (_____) _____

_____

Mailing Address Used for Your AOL Account (if you recall): _____

_____

Telephone Number Used for Your AOL Account (if you recall): (_____) _____

_____

## 2. CLAIM ELIGIBILITY INFORMATION.

1) Were you an AOL member between March 1, 2006 and May 31, 2006?  Yes ☐   No ☐

2) Do you believe in good faith that searches made using your AOL screen name(s) were included in the data that was made available for download from research.aol.com in 2006?  Yes ☐   No ☐

3) Have you been identified by another person or company (other than AOL and other than by identifying yourself to that other company) as a user whose searches were included in the data that was made available for download from research.aol.com in 2006, or do you believe that another person or company could be reasonably certain of your identity based on the data?  Yes ☐   No ☐

## 3. CHOICE OF TIER PAYMENT OR ARBITRATION.

- If you answered *Yes* to Questions 1 and 2 in the Claim Eligibility section above and *No* to Question 3, you will receive a Tier 1 payment of up to $50.  The exact amount of your payment may be less than $50 depending on the number of valid claims received.

- If you answered *Yes* to Questions 1, 2, *and* 3 in the Claim Eligibility section above, you will receive a Tier 2 payment of up to $100.  The exact amount of your payment may be less than $100 depending on the number of valid claims received.

- If you are eligible for a Tier 2 Payment and believe in good faith that you have suffered losses of more than $100 as a result of your search data being made public, you can give up your right to that Tier 2 Payment and submit an Arbitration Claim instead.  If you choose to file an Arbitration Claim, the Arbitrator's decision will be final and

binding and it cannot be appealed.  For more information about the Arbitration process visit www.aolsearchdatasettlement.com or review the attached Claim Instructions.

Please check the appropriate box *(select only one)*:

☐     I choose to receive a Tier Payment if I am eligible to receive one.

☐     I declare that I have suffered losses of more than $100 and I choose to give up any Tier Payment that I am entitled to in favor of filing an Arbitration Claim.  I understand that this choice is final and does not guarantee that I will receive more than the Tier Payment to which I may be entitled or any payment at all. My documentation (*see* instructions) is attached.

If the Claims Administrator determines that you are not eligible to file an Arbitration Claim, you will receive any Tier Payment to which you are entitled.  If you choose to file an Arbitration Claim and receive an amount less than what you would have received under the Tier Payment to which you were entitled, or if the Arbitrator denies your claim, you cannot go back and receive that Tier Payment.

**4. SIGN AND DATE YOUR CLAIM FORM.**

I have read this Claim Form and declare under penalty of perjury that:

1)    The information in this Claim Form and any attached documents is true and correct;
2)    I have not transferred or assigned my claim in this case to anyone else; and
3)    I have not excluded myself from this Settlement.

In addition, if I am a resident of California, I understand that receiving a payment under this Settlement does not waive AOL's right to collect any other debt I might owe AOL.

_____

*Signature*

_____      _____/_____/_____

*Print Name*                                         *Month/Day/Year*

**SECTION E: MAIL OR EMAIL YOUR CLAIM FORM.**

This Claim Form and any necessary documentation must be postmarked or emailed by **_____, 2013** and mailed or emailed to:

AOL Search Data Settlement Administrator
P.O. Box 65771
Sterling, VA 20165-8806
admin@aolsearchdatasettlement.com

EXHIBIT D

**PROPOSED PRELIMINARY APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SANDRA LANDWEHR, on behalf of herself and all others similarly situated, | Case No. 1:11-cv-01014-CMH-TRJ |
| *Plaintiff*, | |
| *v.* | |
| AOL INC., | |
| *Defendant*. | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Plaintiff and Defendant AOL Inc. have entered into a Class Action Settlement Agreement dated December 12, 2012 (the "Agreement") to settle the above-captioned lawsuit (the "Action"), and Plaintiff has filed a Motion for Preliminary Approval of the Proposed Settlement (the "Motion for Preliminary Approval"). The Agreement, together with the documents and exhibits incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action.

Having reviewed the Agreement and exhibits, the Motion for Preliminary Approval, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval is GRANTED and that this Order should be entered. Terms and phrases in this Order shall have the same meaning ascribed to them in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court hereby gives its preliminary approval to the Settlement Agreement, subject to the Final Approval Hearing for purposes of deciding whether to grant final approval to the settlement.

2.      The Court conditionally certifies for settlement purposes only the following Settlement Class:

> All persons residing in the United States or its territories whose internet search query data was made available for download from research.aol.com in 2006.

Excluded from the Settlement Class are employees of AOL and their immediate families.  The Court expressly reserves the right to determine, should the occasion arise, whether the Action may be certified as a class action for purposes other than settlement, and AOL retains all rights to assert that the Action may not be certified as a class action except for settlement purposes.

3.      The Court hereby appoints as Settlement Class Counsel, collectively, the law firms of Gustafson Gluek PLLC and Cohen Milstein Sellers & Toll PLLC.

4.      The Court hereby appoints Sandra Landwehr as the representative of the Settlement Class.

5.      The Court finds that the proposed settlement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed settlement to the members of the Settlement Class.  This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Agreement to the Settlement Class members and to hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

6.      The Court approves the form of Published Notice without material alteration from the form of Exhibit A to the Agreement.  The Court further directs that the Published Notice shall be published within sixty (60) days after the date of this Order, unless extended by Order of this Court, in the following publications: Better Homes & Gardens, Jet, National Geographic, People, Reader's Digest, Sports Illustrated, Time, TV Guide, American Profile, Parade, and USA Weekend.

7.      The Court directs AOL to maintain an Internet website that makes available for download copies of the Official Notice, this Agreement, and a Claim Form (in the form of Exhibit C to the Agreement).  AOL shall maintain the website from the Initial Notice Date through seventy (70) days after the date of the Final Approval Order.

8.      The Court finds that taken together the Published Notice and Official Notice (i) are the best practicable notice, (ii) are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement, (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

9.      The Court orders the claims administrator to file proof of publication of the Published Notice, and maintenance of the Internet website containing the Official Notice at or before the Final Approval Hearing.

10.     The Court approves the claim form and instructions without material alteration from the form of Exhibit C to the Agreement.  The Court directs that the Claim Form be available on request by telephone from AOL and downloadable from the Internet website

3

containing the Official Notice.  The Court further orders that any claim form postmarked or emailed after seventy (70) days after the Final Approval Order shall be untimely and invalid.

11.      Any Settlement Class member of the Settlement Class who wishes to be excluded from the Settlement Class must comply with the terms set forth in Paragraph 10 of the Official Notice and submit an appropriate and timely request for exclusion postmarked no later than April 15, 2012 to the Claims Administrator at the address provided in the Official Notice.

12.      Any member of the Settlement Class who does not timely request exclusion as set forth in the Official Notice shall be preliminarily enjoined:   (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims, as defined in the Agreement, (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims, and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

13.      Any member of the Settlement Class who does not timely request exclusion as set forth in the Official Notice shall be bound by all proceedings, orders, and judgments in the

Action, even if such member of the Settlement Class previously has initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims.

14.     Any member of the Settlement Class who does not timely request exclusion as set forth in the Official Notice, and who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement must file with the Court and mail a copy to both Parties no later than forty-five (45) days after the Final Notice Date, a statement of the objection as well as the specific reasons (if any) for each objection, including any legal support the member of the Settlement Class wishes to bring to the Court's attention and all evidence the member of the Settlement Class wishes to introduce in support of his or her objection or be forever barred from objecting.

15.     Any attorney hired by a member of the Settlement Class at the sole expense of the member of the Settlement Class for the purpose of objecting to the proposed settlement shall file with the Clerk of the Court and mail a copy to both Parties a notice of appearance no later than forty-five (45) days after the Final Notice Date or as the Court may otherwise direct. Attorneys who do not adhere to these requirements will not be heard at the Final Approval Hearing.

16.     Any member of the Settlement Class who files and serves a written objection and who intends to make an appearance at the Final Approval Hearing, either in person or through personal counsel hired at the sole expense of that member of the Settlement Class, shall file with the Court and mail a copy to the Parties a notice of intention to appear no later than forty-five (45) days after the Final Notice Date or as the Court otherwise may direct. Settlement Class members and their attorneys who do not adhere to these requirements will not be heard at the Final Approval Hearing.

17.     The Court orders that the Parties abide by the confidentiality provisions set forth in Paragraph 34 of the Agreement.

18.     No Settlement Class member shall have any claim against Settlement Class Counsel, the Arbitrator, the Claims Administrator, AOL, or AOL's counsel based on the claims administration process described in Paragraphs 10 through 13 of the Agreement so long as that process is performed substantially in accordance with the Agreement.

19.     Any petition for award of attorneys' fees or reimbursement of litigation costs and expenses shall be filed on or before January 11, 2013.  Oppositions to any such petition, if any, shall be filed on or before January 25, 2013 and replies in further support of any such petition, if any, shall be filed on or before February 1, 2013.

20.     A Final Approval hearing shall be held on _____, 2012 at _____ before the undersigned for the purpose of determining (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court, (b) whether to issue a final judgment without material alteration from the form in Exhibit E to the Agreement, and (c) whether to approve the Attorneys' Fee Award to Settlement Class Counsel as set forth in the Agreement.  Plaintiff's final brief in support of approval must be submitted by _____, 2013 and Plaintiff's final brief in response to any objections must be submitted by _____, 2013.

21.     The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by counsel for the Settlement Class and AOL without further notice.

6

22.     All pretrial proceedings in the Action are stayed and suspended until further order

of this Court.


Dated: _____                    _____
                                              THE HONORABLE CLAUDE M. HILTON

**EXHIBIT E**

**PROPOSED FINAL APPROVAL ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SANDRA LANDWEHR, on behalf of herself and all others similarly situated, | Case No. 1:11-cv-01014-CMH-TRJ |
| *Plaintiff*, | |
| *v*. | |
| AOL INC., | |
| *Defendant*. | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

The Court, after notice to the Settlement Class[1] held a hearing on _____, 2012 for the

purpose of determining:

1.      whether the proposed settlement of the claims asserted by the Plaintiff in the

above-captioned lawsuit (the "Action"), on the terms set forth in the Class Action Settlement

---

[1]     The Settlement Class is defined as:

    All persons residing in the United States or its territories whose
    internet search query data was made available for download from
    research.aol.com in 2006.

Excluded from the Settlement Class are employees of AOL and their immediate families.

Agreement dated December 12, 2012 (the "Agreement"), and the exhibits thereto, is fair, reasonable, and adequate, and should be finally approved by the Court;

2.      whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing AOL Inc. and its present and former parents, subsidiaries, affiliated entities, predecessors, successors, and assigns and each of their respective present, former, and future officers, directors, employees, agents, customer service providers, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives of and from all Released Claims; and

3.      if the settlement is approved, whether the attorneys' fees and expenses to Settlement Class Counsel requested pursuant to paragraph 19 of the Agreement and paragraph 19 of the Court's Preliminary Approval Order dated December __, 2012 should be approved.

The Court, having heard all persons properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel, having considered all applicable law, and having considered any objections properly made to the proposed settlement, finds that there is no just reason for delay of the entry of this Final Approval Order. This Final Approval Order adopts and incorporates the Agreement, the terms defined therein, and all exhibits thereto.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject matter jurisdiction to approve the Agreement and all exhibits thereto.

2.      The Action is hereby certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only (the Court expressly reserving the right to

2

determine, should the occasion arise, whether the Action may be certified as a class action for purposes other than settlement, and AOL retaining all rights to assert that the Action may not be certified as a class action except for settlement purposes). The Settlement Class is defined in Footnote 1.

3.      The Court gives final approval to the settlement as fair, reasonable, and adequate as to both of the Parties, and consistent and in compliance with all requirements of federal law as to, and in the best interests of, both of the Parties and the members of the Settlement Class, and directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and provisions.

4.      The Court declares the Agreement and the Final Approval Order to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Paragraph 24 of the Agreement maintained by or on behalf of Plaintiff or any other members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

5.      The Court finds that the notice program implemented pursuant to the Agreement (i) constitutes the best practicable notice, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of federal law.

6.      The Court finds that the Settlement Class Counsel and the Plaintiff adequately represented the Settlement Class for the purposes of entering into and implementing the settlement.

7.      The Court dismisses the Action (including all individual and class claims presented thereby or that could have been presented thereby) on the merits and with prejudice and without fees or costs except as provided herein.

8.      The Court adjudges that Plaintiff and the Settlement Class have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against AOL and as further provided in Paragraph 24 of the Agreement.

9.      The Court approves the payment of attorneys' fees, costs, and expenses to Settlement Class Counsel in the amount of $_____ (the "Attorneys' Fee Award").  The Attorneys' Fee Award will be paid to Class Counsel by AOL in accordance with the terms of the Agreement.  The Attorneys' Fee Award shall be paid no later than the later of (i) forty-five (45) days after the date of the entry of the Final Approval Order, (ii) forty-five (45) days after the resolution of any motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A), or (iii) thirty (30) days after the full and final resolution of any appeal of the Final Approval Order.

10.     No Settlement Class member shall have any claim against Settlement Class Counsel, the Arbitrator, the Claims Administrator, AOL, or AOL's counsel based on the claims administration process described in Paragraphs 10 through 13 of the Agreement so long as that process is performed substantially in accordance with the Agreement.

11.     Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves jurisdiction over AOL, Plaintiff, and the Settlement Class as to all matters

relating to the administration, consummation, enforcement, and interpretation of the terms of the Agreement and the Final Approval Order, and for any other necessary purposes.

12.     Upon entry of this Order, Plaintiff and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall permanently be barred from asserting and shall have released any and all Released Claims against AOL, the Releasees, or any other designees acting on behalf of or through AOL, as further provided in the release set forth in Paragraph 24 of the Agreement.

13.     The Court determines that the Agreement and the Settlement provided for therein, and any proceedings taken pursuant thereto, are not offered or received, and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of liability by AOL; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement.

14.     The Court bars and enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims, and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification

in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

15.     The Court approves the Opt-Out List attached hereto as Exhibit A, and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order or Agreement.

16.     The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Agreement and all exhibits and amendments thereto as (i) are consistent in all material respects with this Final Approval Order, and (ii) do not limit the rights of the Settlement Class members.

17.     In the event that the settlement does not become effective in accordance with the terms of the Agreement, then the Agreement, this Final Approval Order and Judgment, and other terms herein including the certification of the Settlement Class shall be rendered null and void and be vacated.

Dated: _____        _____
                                  THE HONORABLE CLAUDE M. HILTON

# Exhibit B

# *GUSTAFSON GLUEK PLLC*

### *Firm Résumé*

### *December 2012*

Gustafson Gluek PLLC is a Minneapolis law firm with a national practice, with emphasis in antitrust, consumer protection and class action litigation.  The five members of the firm have over eighty years of experience in these areas, as well as in the areas of intellectual property litigation involving patents, trademarks and trade dress, complex business litigation, and securities fraud litigation.

Gustafson Gluek PLLC practices before state and federal courts throughout the country and works with and opposes some of the nation's largest companies and law firms.  The firm was formed in May 2003.

## Daniel E. Gustafson

Daniel E. Gustafson is a founding member of Gustafson Gluek PLLC.  He is a *magna cum laude* graduate of the University of North Dakota with majors in Economics and Sociology (B.A. 1986) and a *cum laude* graduate of the University of Minnesota Law School (J.D. 1989). He was a member of the Minnesota Law Review from 1987 to 1989, serving as an Associate Research Editor in 1988-1989.

During law school, he clerked for Opperman & Paquin (1987-1989), a firm that also practiced in the areas of class action, antitrust and consumer protection litigation.

After law school, Mr. Gustafson served as a law clerk to the Honorable Diana E. Murphy, United States District Judge for the District of Minnesota (1989-91).

After his judicial clerkship, Mr. Gustafson returned to his former firm (then known as Opperman Heins & Paquin) and continued his work in the fields of antitrust and consumer protection class action litigation.

In April 1994, Mr. Gustafson became a founding member and partner in the law firm of Heins Mills & Olson, P.L.C.  Between April 1994 and May 2003, Mr. Gustafson continued his work in antitrust and consumer protection class action litigation and also developed a boutique practice of assisting national patent and intellectual property firms in litigation matters.  In May 2003, Mr. Gustafson formed Gustafson Gluek PLLC where he continues to practice antitrust and consumer protection class action law.

Mr. Gustafson is admitted to practice in the United States District Court for the District of Minnesota, the United States District Court for the District of North Dakota, the United States District Court for the Eastern District of Michigan, the United States Courts of Appeals for the Fifth, Eighth and Eleventh Circuits and in the United States Supreme Court.

Mr. Gustafson is also an adjunct professor at the University of Minnesota Law School teaching a spring semester seminar on the "Fundamentals of Pretrial Litigation".

Mr. Gustafson is a past president of the Federal Bar Association, Minnesota Chapter (2002-2003) and served in various capacities in the Federal Bar Association over the last several years. In 2009, he was involved in developing the Federal Bar Association's *Pro Se* Project, which coordinates volunteer representation for *pro se* litigants.  He was the Vice-Chair of the 2003 Eighth Circuit Judicial Conference held during July 2003 in Minneapolis (Judge Diana E. Murphy was the Chair of the Conference).  He is a member of the Hennepin County, Minnesota, Federal and American Bar Associations.

In 2001-2012, Mr. Gustafson was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," in the fields of business litigation, class actions and antitrust.  "Super Lawyer" selection results from peer nominations, a "blue ribbon" panel review process and independent research on the candidates; no more than 5% of lawyers in Minnesota are selected as "Super Lawyers".  He was also ranked in the Top 100 MN Super Lawyers in 2012.  In 2005, Mr.

2

Gustafson was one of only eleven Minnesota attorneys selected as a "Super Lawyer" in the field of antitrust litigation. Mr. Gustafson was also selected as one of *Minnesota Lawyer's* Attorneys of the Year for 2010. He was selected based on nominations from across the state.

In September 2011, Mr. Gustafson testified before the House Committee on the Judiciary, Subcommittee on Intellectual Property, Competition and the Internet regarding the proposed merger between Express Scripts and Medco. Mr. Gustafson also testified before the United States Congressional Commission on Antitrust Modernization in June 2005. In addition to congressional testimonies, Mr. Gustafson has authored or presented numerous seminars and continuing legal education pieces on various topics related to class action litigation, antitrust, consumer protection or legal advocacy. Recent co-authored chapters by Mr. Gustafson include "Pretrial discovery in civil litigation" in *Private Enforcement of Antitrust Law in the United States* and "Obtaining evidence" in *The International Handbook on Private Enforcement of Competition*.

Mr. Gustafson is currently or has recently been named as Lead Counsel, Co-Lead Counsel or a member of the Executive Committee in the following cases: *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litig.* (D. Minn.); *In re National Arbitration Forum Litig.* (D. Minn.); *In re Comcast Corp, Set-Top Cable Television Box Antitrust Litig.* (E.D. Pa.); *In re DRAM Antitrust Litig.* (N.D. Cal. and multiple state court actions); *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.* (D. Minn.); *St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al.* (D. Minn.); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* (E.D.N.Y.); *In re MSG Antitrust Litig.* (D. Minn.); *In re Vitamin C Antitrust Litig.* (E.D.N.Y.) (indirect purchaser class); *In re Flash Memory Antitrust Litig.* (N.D. Cal.); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.); *Aspartame Antitrust Litig.* (E.D. Pa.) (direct purchaser class); and *Yarrington v. Solvay Pharmaceuticals, Inc. et al.* (D. Minn.).

Mr. Gustafson is currently or has recently been actively involved in the representation of plaintiffs and plaintiff classes in numerous cases, including: *In re Wellbutrin XL Antitrust Litig.* (E.D. Pa.); *In re Androgel Antitrust Litig.* (N.D. Ga.); *In re Wellbutrin SR/Zyban Direct Purchaser Antitrust Litig.* (E.D. Pa.); *In re Dry Max Pampers Litig.* (S. D. Ohio); *Dryer et al. v. Nat'l Football League* (D. Minn.); *In re Ready-Mixed Concrete Antitrust Litig.* (S.D. Ind.); *In re Intel Corp Microprocessor Antitrust Litig.* (D. Del.); *In re Urethane Antitrust Litig.* (D. Kan.); *SAJ Distributors, Inc. et al. v. SmithKline Beecham Corp. et al.* (E.D. Va.) ("*Augmentin*"); and *Iverson et al. v. Pfizer, Inc. et al.* (D. Minn.) ("*Canadian Prescription Drugs*"); *In re Cathode Ray Tube Antitrust Litig.* (N.D. Cal.); *In re Flat Glass Antitrust Litig. (II)*, (W.D. Pa.); *In re TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal.); *In re Air Cargo Shipping Services Antitrust Litig.* (E.D.N.Y.).

He also has participated in the representation of plaintiff classes in other cases, including: *In re BP Propane Indirect Purchaser Antitrust Litig.* (N.D. Ill.)*; Lief et al. v. Archer Daniels Midland Co., et al.* (D. Minn) ("*Indirect MSG*"); *In re Premarin Antitrust Litig.* (S.D. Ohio); *Blevins v. Wyeth-Ayerst Labs., Inc.* (Cal. Super. Ct.); *Ellerbrake v. Campbell Hausfeld* (20th Jud. Ct. Ill.) ("*Air Compressors*"); *Nichols et al. v. Smithkline Beecham Corp.* (E.D. Pa.) ("*Paxil*"); *Heerwagen v. Clear Channel Communications, Inc.* (S.D.N.Y.); *Wiginton v. CB Richard Ellis* (N.D. Ill.); *Samples v. Monsanto Co.* (E.D. Mo.) ("*Bio Seeds*"); *In re Magnetic Audiotape Antitrust Litig.* (S.D.N.Y.); *In re Terazosin Hydrochloride Antitrust Litig.* (S.D. Fla.) ("*Hytrin*"); *In re High Pressure Laminates Antitrust Litig.* (S.D.N.Y.); *High Pressure Laminates Antitrust Litig.* (multiple state court indirect purchaser actions); *In re Vitamins Antitrust Litig.* (D.D.C.); *Minnesota Vitamins Antitrust Litig.* (Minn. 2nd Jud. Dist.); *Infant Formula Antitrust Litig.* (multiple state court actions; lead trial counsel for Wisconsin action); *Shaw v. Dallas Cowboys Football Club* (E.D. Pa.) ("*NFL*"); *Thermal Fax Paper Antitrust Litig.* (state court actions in

Minnesota, Wisconsin and Florida) ("*Fax Paper*"); *Lazy Oil, Inc. v. Witco Corp.* (W.D. Pa.)

("*Penn Grade*"); *In re Molybdenum Antitrust Litig.* (W.D. Pa.); *In re Motorsports Merchandise*

*Antitrust Litig.* (N.D. Ga.); *In re Commercial Explosives Antitrust Litig.* (D. Utah); *In re*

*Diamonds Antitrust Litig.* (S.D.N.Y.); *In re Drill Bits Antitrust Litig.* (S.D. Tex.); *In re Catfish*

*Antitrust Litig.* (D. Miss.); *In re Steel Drums Antitrust Litig.* (S.D. Ohio); *In re Steel Pails*

*Antitrust Litig.* (S.D. Ohio); *In re Bulk Popcorn Antitrust Litig.* (D. Minn.); *In re Workers'*

*Compensation Ins. Antitrust Litig.* (D. Minn.); *Cimarron Pipeline Constr., Inc. v. National*

*Council on Compensation Ins.* (W.D. Okla.); *Schmulbach v. Pittway Corp.* (Ill., 11th Jud. Dist.)

("*Smoke Detectors*"); *In re Commercial Tissue Antitrust Litig.* (N.D. Fla.); *In re Sodium*

*Gluconate Antitrust Litig.* (N.D. Cal.); and *AL Tech Specialty Steel Corp. v. UCAR Int'l.* (E.D.

Pa.) ("*Specialty Steel*").

Mr. Gustafson is also currently or has recently been involved in other non-class complex

litigation concerning antitrust, consumer protection, contract, unfair competition, trademark and

patent infringement claims, including: *Synthes USA, LLC v. Spinal Kinetics* (N.D. Cal.); *KBA-*

*Giori, North America, Inc., v. Muhlbauer, Inc.* (E.D. Va.) ("KBA II"); *KBA-Giori, North America,*

*Inc. v. Muhlbauer, Inc.* (E.D. Va.) ("KBA I"); *Spine Solutions, Inc., v. Medtronic Sofamor Danek,*

*Inc.* (W.D. Tenn.); *Harmon v. Innomed Technologies, Inc.* (S.D. Ga); *J.D. Edwards World*

*Solutions Company Arbitrations* (AAA) (trial counsel for Quantegy and Amherst); *INO*

*Therapeutics, Inc. v. SensorMedics Corp.* (D.N.J.); and *In re National Metal Technologies, Inc.*

(S.D. Cal.).

He also has represented parties in other unfair competition, trademark, and patent

infringement cases, including: *Transclean Corp. v. MotorVac Technologies, Inc.* (D. Minn.);

*Ryobi Ltd. v. Truth Hardware Corp.* (D. Minn.); *Minnesota Mining & Mfg. Co. v. Fellowes Mfg.*

*Co.* (D. Minn.); *Eastman Kodak Co. v. Minnesota Mining & Mfg. Co.* (W.D.N.Y.); *On*

*Assignment, Inc. v. Callander* (Minn., 4th Jud. Dist.); and *Rainforest Cafe, Inc., v. Amazon, Inc.* (D. Minn.); *Medical Graphics Corp. v. SensorMedics Corp.* (D. Minn.); *Medtronic, Inc., v. Intermedics Inc.* (D. Minn.); *Cardiac Pacemakers, Inc. v. Robert Warner* (D. Minn.); *Cardiac Pacemakers, Inc. v. Intermedics Inc.* (D. Minn.); *Birchwood Laboratories v. Citmed Corp.* (D. Minn.); *Hammond v. Hitachi Power Tools, Inc.* (D. Minn.); *McCarthy v. Welshman* (D. Minn.); and *UFE, Inc., v. Alpha Enters., Inc.* (D. Minn.).

### Karla M. Gluek

Karla M. Gluek is a founding member of Gustafson Gluek PLLC.  She is a graduate of the University of St. Thomas (B.A. 1990) with a major in English (B.A. 1990) and is a *cum laude* graduate of William Mitchell College of Law (J.D. 1993).

During law school she clerked for the Minnesota Attorney General's office (1993-1994). Shortly after graduating from law school Ms. Gluek served as a law clerk to the Honorable Gary Larson, District Judge, Fourth Judicial District of Minnesota (1994).

After her clerkship, Ms. Gluek joined Heins Mills & Olson, P.L.C. as an associate attorney and began her work in antitrust and consumer protection class action litigation.  Ms. Gluek also assisted Mr. Gustafson in the development of his practice assisting national patent and intellectual property firms in litigation matters.  In January 2003, Ms. Gluek became a partner at Heins Mills & Olson, P.L.C. In May, 2003, Ms. Gluek joined Mr. Gustafson in forming Gustafson Gluek PLLC.

She is admitted to practice in the U.S. District Court for the District of Minnesota and the Eighth Circuit Court of Appeals.  Ms. Gluek is a member of the Hennepin County, Minnesota and Federal Bar Associations.

In 2011-2012, she was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," in the field of antitrust.  "Super Lawyer" selection results from peer nominations, a "blue

ribbon" panel review process and independent research on the candidates; no more than 5% of lawyers in Minnesota are selected as "Super Lawyers."

Ms. Gluek is currently, or recently has been actively involved in the representation of plaintiffs and plaintiff classes in numerous cases including: *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation* (D. Minn.); *In re National Arbitration Forum Litigation* (D. Minn.); *In re Wellbutrin XL Antitrust Litigation* (E.D. Pa.); *In re Dry Max Pampers Litig. (S.D. Ohio); St. Barnabas Hospital, Inc. et al. v. Lundbeck, Inc. et al.* (D. Minn.); *In re Androgel Antitrust Litigation* (N.D. Ga.); *In re Comcast Corp, Set-Top Cable Television Box Antitrust Litigation* (E.D. Pa); *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litigation* (D. Minn.); *In re Wellbutrin SR/Zyban Direct Purchaser Antitrust Litig.* (E.D. Pa.); *Dudek v. Medtronic* (D. Minn.); *SAJ Distributors, Inc. et al. v. SmithKline Beecham Corp. et al.* (E.D. Va.) ("*Augmentin*"); *Iverson et al. v. Pfizer, Inc. et al.* (D. Minn) ("*Canadian Prescription Drug*"); *Yarrington v. Solvay Pharmaceuticals, Inc. et al.* (D. Minn.) ("*Estratest*"); *Lief et al. v. Archer Daniels Midland Co. et al.* (D. Minn.) ("*Indirect MSG*"); *Ellerbrake v. Campbell Hausfeld* (20th Jud. Ct. Ill.) ("*Air Compressors*"); *Nichols et al. v. Smithkline Beecham Corp.* (E.D. Pa.) ("*Paxil*"); *Heerwagen v. Clear Channel Communications, Inc.* (S.D.N.Y.); *Wiginton v. CB Richard Ellis* (N.D. Ill.); *Robin Drug Co. v. PharmaCare Management Services Inc.* (Minn. 4th Jud. Dist.) ("*Pharmacy Underpayment*").

She also has been involved in other class actions and complex cases, including: *In re MSG Antitrust Litig.* (D. Minn.) ("*MSG*"); *In re Minnesota Vitamin Antitrust Litig.* (Minn., 2nd Jud. Dist.); *Samples v. Monsanto Co.* (E.D. Mo.) ("*Bio Seeds*"); *In re Terazosin Hydrochloride Antitrust Litig.* (S.D. Fla.) ("*Hytrin*"); and *In re Magnetic Audiotape Antitrust Litig.* (S.D.N.Y.); *In re Grand Casinos Inc. Sec. Litig.* (D. Minn.); *In re Olympic Fin., Ltd. Sec. Litig.* (D. Minn.); *Schmulbach v. Pittway Corp.* (Ill., 12th Jud. Dist.) ("*Smoke Detectors*"); *Ruff v. Parex, Inc.* (N.C.

New Hanover Cty. Sup. Ct.) ("*EIFS*"); *Behm v. John Nuveen & Co., Inc.* (Minn. 4th Jud. Dist.); *Infant Formula Antitrust Litig.* (multiple state court actions); *In re Prudential Ins. Co. Sales Practices Litig.* (D.N.J.); *Big Valley Milling, Inc. v. Archer Daniels Midland Co.* (Minn. 8th Jud. Dist.) ("*Lysine*"); *In re High-Fructose Corn Syrup Antitrust Litig.* (C.D. Ill.); *Raz v. Archer Daniels Midland Co.* (Minn. 8th Jud. Dist.) ("*Citric Acid*"); and *S&S Forage Equip. Co. v. Up North Plastics, Inc.* (D. Minn.) ("*Silage Bags*").

Ms. Gluek also is or has been involved in other non-class complex cases involving antitrust, consumer protection, contract, unfair competition, trademark and patent infringement claims, including:  *Synthes USA, LLC v. Spinal Kinetics, Inc.* (N.D. Cal.); *KBA-Giori, North America, Inc., v. Muhlbauer, Inc.* (E.D. Va.) ("*KBA II*"); *KBA-Giori, North America, Inc., v. Muhlbauer, Inc.* (E.D. Va.) ("*KBA I*"); *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.* (W.D. Tenn.); *Harmon v. Innomed Technologies, Inc.* (S.D. Ga.); *J.D. Edwards World Solutions Company Arbitrations* (AAA); *INO Therapeutics Inc. v. SensorMedics Corp.* (D.N.J.); *In re National Metal Technologies, Inc.* (S.D. Cal.); *Transclean Corp. v. MotorVac Technologies, Inc.* (D. Minn.); *Cardiac Pacemakers, Inc. v. Warner* (D. Minn.); *Intermedics, Inc. v. Cardiac Pacemakers, Inc.* (D. Minn.); *Hammond v. Hitachi Power Tools, Inc.* (D. Minn.); *Minnesota Mining & Mfg. Co. v. Fellowes Mfg. Co.* (D. Minn.); *UFE, Inc. v. Alpha Enters., Inc.* (D. Minn.); *Eastman Kodak Co. v. Minnesota Mining & Mfg. Co.* (W.D.N.Y.); and *On Assignment, Inc. v. Callander* (Minn., 4th Jud. Dist.).

## Jason S. Kilene

Jason S. Kilene is a member in the firm of Gustafson Gluek PLLC.  He is a graduate of the University of North Dakota (B.A. 1991) with a major in Political Science and a graduate of the University of North Dakota School of Law (J.D. 1994, *with distinction*).

After graduating from law school, Mr. Kilene served as law clerk to the Honorable Bruce

M. Van Sickle, United States District Judge, District of North Dakota.  Prior to joining Gustafson

Gluek PLLC in August 2003, Mr. Kilene practiced in the areas of antitrust, securities and business

litigation at the law firms of Oppenheimer Wolff & Donnelly, LLP, and Heins Mills & Olson,

P.L.C.

He is admitted to practice in Minnesota and North Dakota state courts, and in the United

States District Court for the District of Minnesota.  He is also a member of the Hennepin County,

Minnesota, North Dakota and Federal Bar Associations.

He is currently or has recently been involved in the representation of plaintiffs and

plaintiff classes in numerous cases including:  *In re Optical Disk Drive Antitrust Litig. (N.D.*

*Cal.); Kleen Products LLC, et al. v. Packaging Corporation of America et al. (N.D. Ill.); In re*

*American Express Anti-Steering Rules Antitrust Litig. (E.D.N.Y.); In re Automotive Parts Antitrust*

*Litig. (E.D. Mich.); In re NCAA Student-Athlete Name & Likeness Licensing Litig. (N.D. Cal);*

*Dryer v. National Football League (D. Minn.); In re Ductile Iron Pipe Fittings Indirect Purchaser*

*Antitrust Litig. (D.N.J.); In re Pool Products Distribution Market Antitrust Litig. (E.D. La.); In re*

*Potash Antitrust Litig. (II) (N.D. Ill.); In re Florida Cement and Concrete Antitrust Litig. (S.D.*

*Fla.); In re Photochromic Lens Antitrust Litig. (M.D. Fla.); In re Imprelis Herbicide Marketing,*

*Sales Practices, and Products Liability Litig. In re Urethane Antitrust Litig. (D. CalCalKan.); In*

*re Payment Card Interchange Fee and Merchant Discount Antitrust Litig. (E.D.N.Y.); In re Intel*

*Corp Microprocessor Antitrust Litig. (D. Del.); Carolos Lossada v. Union Oil Company of*

*California* (Sup. Ct. Cal.); *In re ATM Fee Antitrust Litig.* (N.D. Cal.) ("*ATM*"); *Edwards et al. v.*

*National Milk Producers Federation, et al. (N.D. Cal.); Ticho v. Budget Rent A Car System, Inc.*

(Sup. Ct. Cal.); *In re BP Propane Indirect Purchaser Antitrust Litig.* (N.D. Ill.)*; In re*

*Aftermarkets Filters Antitrust Litig.* (N.D. Ill.); *In re Chocolate Confectionary Antitrust Litig.*

(M.D. Pa.); *In re Cathode Ray Tube*

*Antitrust Litig.* (N.D. Ca.); *In re Flat Glass Antitrust Litig. (II)*, (W.D. Pa.); *In re Online DVD Rental Antitrust Litig.* (N.D. Ca.); *In re Steel Antitrust Litig.* (N.D. Ill.); *Universal Delaware et al v. Comdata Corporation et al.* (E.D. Pa.); *In re Vitamins Antitrust Litig.* (D.D.C.); *In re Broadcom Corp. Securities Litig.* (C.D. Cal.); *In re High Pressure Laminates Antitrust Litig.* (S.D.N.Y.); *Microsoft Indirect Purchaser Antitrust Litig.* (Minnesota and North Dakota); and *In re Relafen Antitrust Litig.* (N.D. Cal.).

Mr. Kilene has been involved in other complex cases involving antitrust, consumer protection, contract and unfair competition, including: *In re J.D. Edwards World Solutions Company* (AAA) (trial counsel for Quantegy and Amherst) and *National Metal Technologies, Inc. et al. v. Alliant Techsystems, Inc. et al.* (S.D. Cal.) ("NMT").

## Daniel C. Hedlund

Daniel C. Hedlund is a member of Gustafson Gluek PLLC.  He is a graduate of Carleton College (B.A. 1989) and is a *cum laude* graduate of the University of Minnesota Law School (J.D. 1995).  He was a Note and Comment Editor and member of the Minnesota Journal of Global Trade from 1993-1995 and a recipient of the Federal Bar Association's John T. Stewart, Jr. Memorial Fund Writing Award (1994).

Mr. Hedlund served as a law clerk to the Honorable Gary L. Crippen, Minnesota Court of Appeals (1997) and to the Honorable Dolores C. Orey, Fourth Judicial District of Minnesota (1995-1996).

Mr. Hedlund has practiced in the areas of antitrust, securities fraud, and consumer protection since 1997.  He is admitted to practice in the United States District Court for the District of Minnesota, the Eighth Circuit Court of Appeals, the Second Circuit Court of Appeals, and in Minnesota State Court.  Mr. Hedlund is a member of the Federal, Minnesota, and Hennepin County Bar associations.  Mr. Hedlund is active in the Minnesota Chapter of the

10

Federal Bar Association, currently serving as Co-Vice President for the Eighth Circuit.  He has previously served as Liaison between the Federal Bar Association and the Minnesota State Bar Association and as Secretary of the Federal Bar Association, Minnesota Chapter.  He currently serves as Secretary for the Consumer Litigation Section of the Minnesota State Bar Association and is President-Elect of the Committee to Support Antitrust Laws.  In addition to presenting at CLEs, he has recently testified before the Minnesota legislature on competition law.

Mr. Hedlund is currently, or has been actively involved in the representation of plaintiffs and classes in numerous cases, including: *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* (E.D. Mich.); *American Electric Motor Services Inc. v. Blue Cross Blue Shield of Alabama* (N.D. Ala.); *In re DRAM Antitrust Litigation* (multiple federal and state court actions) (indirect purchaser class); *In re Flash Memory Antitrust Litigation* (N.D. Cal.); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.); *In re Processed Egg Products Antitrust Litigation* (E.D. Pa.); *In re Refrigerant Compressors Antirust Litigation* (E.D. Mi.); *In re SIGG Switzerland (USA), Inc. Aluminum Bottles Marketing and Sales Practices Litigation* (W.D. Ky.); *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.); *In re St. Paul Travelers Securities Litigation II* (D. Minn.); *In re Digital Music Antitrust* (S.D.N.Y.); *In re OSB Antitrust Litigation* (E.D. Pa.); *In re Vitamin C Antitrust Litigation* (E.D.N.Y.); *In re Funeral Consumers Antitrust Litigation* (S.D. Tex.); *McIntosh v. Monsanto Co.* (E.D. Mo.); *In re AOL Time Warner Securities Litigation* (S.D.N.Y.); *In re Commercial Tissue Antitrust Litigation* (N.D. Fla.); *In re Universal Service Fund Telephone Billing Practices Litigation* (D. Kan.); *In re Green Tree Financial Stock Litigation* (D. Minn.); *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y.); *In re Polypropylene Carpet Antitrust Litigation* (N.D. Ga.); *In re Buffets, Inc. Securities Litigation* (D. Minn.); *In re Mercedes Benz Antitrust Litigation* (D.N.J.); *In re Xcel Energy, Inc. Securities Litigation* (D. Minn.); *In re Blue Cross Subscriber Litigation* (Minn.); *In re*

*MSG Antitrust Litigation* (D. Minn.); *In re Mercury Finance Co. Securities Litigation* (N.D. Ill.); *In re Olympic Financial Securities Litigation* (D. Minn.); and *In re Flat Glass Antitrust Litigation* (W.D. Pa.).

## Amanda M. Williams

Amanda Williams is a member of Gustafson Gluek PLLC.  She is a *magna cum laude* graduate of Gustavus Adolphus College (B.A. 2001) with a major in Psychology and a graduate of the University of Minnesota Law School (J.D. 2004).  Ms. Williams was admitted to the Minnesota Bar in 2004.

During law school, Ms. Williams studied comparative international law abroad in Greece and served as a judicial extern for the Honorable George W. Perez, Minnesota Tax Court.  Ms. Williams also participated in the Jessup International Law Moot Court.

After graduating from law school Ms. Williams served as law clerk to the Honorable Gordon W. Shumaker, Minnesota Court of Appeals.  She then joined Gustafson Gluek PLLC in 2005.

Ms. Williams is an active member of Minnesota Women Lawyers and is serving as the chair of the Law School Scholarship Committee. She is currently, or has been actively, involved in the representation of plaintiffs and plaintiff classes in numerous cases including:  *In re Urethane Antitrust Litig.* (D. Kan.); *In re Funeral Consumers Antitrust Litig.* (S.D. Texas); *In re Foundry Resins Antitrust Litig.* (S.D. Ohio); *In re Wellbutrin SR Antitrust Litig.* (E.D. Pa.); *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.* (D. Minn); *In re Medtronic, Inc. Sprint Fidelis Leads Products Liab. Litig.* (D. Minn).

## Catherine Sung-Yun K. Smith

Catherine Sung- Yun K. Smith is an associate of Gustafson Gluek PLLC.  She is a

graduate of Korea University (B.A. 2000) and a graduate of University of Minnesota Law School (J.D. 2005).  Ms. Smith was admitted to the New York Bar in 2005 and to the Minnesota Bar in 2006.

During law school, Ms. Smith served as a director of the Civil Practice Clinic, and also as a director of the William E. McGee National Civil Rights Moot Court Competition. Ms. Smith served as a judicial extern for the Honorable Regina Chu, District Judge, Fourth Judicial District of Minnesota. In addition, Ms. Smith also participated in the Maynard Pirsig Moot Court. She joined Gustafson Gluek PLLC in 2007.

Ms. Smith is currently involved in the representation of plaintiffs and classes in numerous cases including: *In re TFT LCD (Flat Panel) Antitrust Litig.* (N.D. Ca); *In re Cathode Ray Tube Antitrust Litig.* (N.D. Ca.); *In re Optical Disk Drive Antitrust Litig. (N.D. Cal.); In re Air Cargo Shipping Services Antitrust Litig.* (E.D.N.Y.); *Hyun Park et al v. Korean Air Lines Co., Ltd.* (C.D. Ca); *In re Online DVD Rental Antitrust Litig.* (N.D. Ca.); and *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* (E.D.N.Y.).

Ms. Smith is fluent in Korean and English and also has basic language skills in German, Japanese, and Chinese.

**David A. Goodwin**

David A. Goodwin is an associate of Gustafson Gluek PLLC. He is a graduate of the University of Wisconsin (B.A. 2001) and a graduate of DePaul University College of Law (J.D. 2006). Mr. Goodwin was admitted to the Minnesota Bar in 2006.

During law school, Mr. Goodwin worked for Grotefeld & Denenberg LLC, a Chicago law firm specializing in insurance subrogation litigation. In 2005, Mr. Goodwin was selected to serve as the law clerk for the Office of the General Counsel of TCF Bank. Mr. Goodwin worked at TCF while attending the University of Minnesota Law School as a visiting student. Mr. Goodwin

is currently involved in the representation of plaintiffs and classes in numerous cases including *In re SIGG Switzerland (USA), Inc., Aluminum Bottles Marketing and Sales Practices Litig. (W.D. KY); In re TFT-LCD (Flat Panel) Antitrust Litig. (N.D. CA); In re Pre-Filled Propane Tank Marketing and Sales Practices Litig. (W.D. Mo.); In re NCAA Student- Athlete Name and Likeness Licensing Litig. (N.D. Cal.); In re Plasma-Derivative Protein Therapies Antitrust Litig. (N.D. Ill.);* and *In re Thompson v. NFL (D. Minn.).*

Mr. Goodwin is the Secretary for the Federal Bar Association Younger Lawyers Division.

## Michelle J. Looby

Michelle J. Looby is an associate of Gustafson Gluek PLLC. She is a graduate of the University of Minnesota *with distinction* (B.A. 2004) and a *magna cum laude* graduate of William Mitchell College of Law (J.D. 2007). Ms. Looby was admitted to the Minnesota Bar in 2007.

During law school, Ms. Looby was a member of the *William Mitchell Law Review* from 2005-2007, serving as Assistant Editor in 2006-2007.  She served as a judicial intern to The Honorable Faye Flancher and The Honorable Emily Mueller, Circuit Court Judges, Racine County Circuit Court of Wisconsin.  She also served as a judicial extern to The Honorable David Higgs, District Judge, Second Judicial District of Minnesota.  In addition, Ms. Looby was a five time recipient of the CALI Excellence for the Future Award, recognizing the student with the highest grade in the class as determined by the instructor or registrar.

Ms. Looby is currently involved in the representation of plaintiffs and classes in numerous cases including: *Precision Associates, Inc. et al. v. Panalpina World Transport (Holding), Ltd., et al. (E.D.N.Y.); In re Vitamin C Antitrust Litig. (E.D.N.Y.); In re Processed Egg Products Antitrust Litig. (E.D. Pa.); In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig. (D. N.J.); Universal Delaware, Inc., d/b/a Gap Truck Stop et al. v. Comdata Corporation (E.D. Pa.);*

14

*In re Online DVD Rental Antitrust Litig. (N.D. Cal.)*; *In re Comcast Corp. Set-Top Cable Television Box Anti-Trust Litig. (E.D. Pa.)*; and *In re Refrigerant Compressors Antitrust Litig. (E.D. Mich.).*

## Sara J. Payne

Sara J. Payne is an associate of Gustafson Gluek PLLC.  She received her undergraduate degree from Brigham Young University (B.A. 2001), her post-graduate degree from the University of Reading, England (M.S. 2003), and her law degree from the University of Minnesota (J.D., *cum laude*, 2008).  Ms. Payne is admitted to the Minnesota Bar and the U.S. District Court for the District of Minnesota.

While in law school, Ms. Payne served as a director and member of the competition team of the William E. McGee National Civil Rights Moot Court.  She also taught legal writing at the University of Minnesota Law School.  She clerked for the Hennepin County Attorney's Office and Anoka County Attorney's Office, and served as a judicial extern for the Honorable Janie S. Mayeron, Magistrate Judge, United States District Court, District of Minnesota.

After graduating from law school, Ms. Payne served as a law clerk to the Honorable Gary R. Larson, District Judge, Fourth Judicial District of Minnesota (2008-2010) and to the Honorable Peter A. Cahill, Chief District Judge, Fourth Judicial District of Minnesota (2010-2011).

Ms. Payne is currently involved in the representation of plaintiffs and classes in *In re Automotive Wire Harness Systems Antitrust Litig.* (E.D. Mich); *In re Medtronic, Inc. Sprint Fidelis Leads Products Liability Litig.* (D. Minn.); *In re TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal.); *In re Potash Antitrust Litig.* (N.D. Ill.); and *Wortman et al v. Air New Zealand et al* (N.D. Cal).

Ms. Payne is a Committee Member of *The Hennepin Lawyer*, having written a number of articles for the publication, is a member of the Minnesota Women Lawyers, and serves as a

volunteer attorney for the Minnesota Federal Bar Associations Federal *Pro Se* Project.  She is a recipient of the Minnesota chapter of the Federal Bar Association's 2011 Distinguished Pro Bono Service award.

## Joseph C. Bourne

Joseph C. Bourne is an associate in the firm of Gustafson Gluek PLLC.  He is a graduate of Emory University with majors in English and Philosophy (B.A. 2005) and a *magna cum laude* graduate of the University of Minnesota Law School (J.D. 2009).  Mr. Bourne is admitted to the Minnesota Bar and is admitted to practice in the U.S. District Court for the District of Minnesota.

During law school, Mr. Bourne was an Article Editor of the Minnesota Law Review, and he contributed a published Note, *Prosecutorial Use of Forensic Science at Trial*, 93 Minn. L. Rev. 1058 (2009).  He also clerked at Greene Espel P.L.L.P. (2008), a Minneapolis law firm that practices in the area of complex commercial litigation.

After graduating from law school, Mr. Bourne served as a law clerk to the Honorable Edward Toussaint, Jr., Chief Judge, Minnesota Court of Appeals (2010-2011) and to the Honorable Francis J. Connolly, Judge, Minnesota Court of Appeals (2009-2010).  He then joined Gustafson Gluek PLLC in 2011.

Mr. Bourne is currently involved in the representation of plaintiffs and classes in numerous cases, including:  *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.* (E.D.N.Y.); *Landwehr v. AOL Inc.* (E.D. Va.); *In re Pool Prods. Distribution Mkt. Antitrust Litig.* (E.D. La.); and *Shane Group., Inc. v. Blue Cross Blue Shield of Mich.* (E.D. Mich.).

He also is currently or has recently represented parties in non-class intellectual property and commercial litigation matters.

16

**Ellen M. Ahrens**

Ellen M. Ahrens is an associate of Gustafson Gluek PLLC.  She is a graduate of the University of Texas at Austin (B.A. 2002) and a *magna cum laude* graduate of William Mitchell College of Law (J.D. 2010).  Ms. Ahrens is admitted to the Minnesota Bar and the United States District Court for the District of Minnesota.

During law school, Ms. Ahrens was a member of the *William Mitchell Law Review* from 2008–2010, serving an as Executive Editor in 2009–2010, and was a semifinalist of the Rosalie Wahl Moot Court competition.  Ms. Ahrens served as a judicial extern to the Honorable Patrick J. Schlitz, United States District Judge for District of Minnesota, and worked as a law clerk at the Minnesota State Public Defender's Appellate Office.

Ms. Ahrens is currently involved in the representation of plaintiffs and classes in numerous cases including *In re Wellbutrin SR Antitrust Litig.* (E.D. Pa.); *In re DRAM Antitrust Litig.* (multiple federal and state court actions) (indirect purchaser class) (N.D. Cal.); *In re TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal.); *In re Iowa Ready-Mix Concrete Antitrust Litig.* (N.D. Iowa); *The Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* (E.D. Mich.); *Rick v. Wyeth* (D. Minn.); and *In re Imprelis Herbicide Marketing, Sales Practices, and Products Liability Litig.* (E.D. Pa.); and *American Electric Motor Services Inc. v. Blue Cross Blue Shield of Alabama* (N.D. Ala.).

Ms. Ahrens is proficient in Spanish, and is a member of the Minnesota State, Hennepin County, and Federal Bar Associations.  Ms. Ahrens is an active member of Minnesota Women Lawyers, and serves as a co-chair for the Communications Committee.  She also serves as the Secretary on the Innocence Project of Minnesota's Board of Directors.

**Joshua J. Rissman**

Joshua J. Rissman is an associate of Gustafson Gluek PLLC.  He graduated from the

University of Minnesota where he received his undergraduate degree in Political Science (B.A., *magna cum laude*, 2005) and his law degree (J.D., *cum laude*, 2010).  While in law school, Josh was a Student Articles Editor on *Law & Inequality: A Journal of Theory and Practice*.  He also clerked for two Minneapolis law firms, the United States Attorney's Office and externed for the Honorable John McShane in Hennepin County District Court.  Mr. Rissman was admitted to the Minnesota Bar and U.S. District Court District of Minnesota in 2010.

Mr. Rissman is actively involved in the *Pro Se* Project, representing civil litigants in federal court who would otherwise go without representation.  Mr. Rissman is also proficient in Spanish and is a member of the Minnesota, American and Federal Bar Associations.

Mr. Rissman is currently involved in the representation of plaintiffs and classes in numerous cases including *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.), *In re Online DVD Rental Antitrust Litig.* (N.D. Ca.), *In re Containerboard Antitrust Litig.* (N.D. Ill.), and *In re American Express Anti-Steering Rules Antitrust Litig.* (No. II) (E.D.N.Y.).

## Raina C. Borrelli

Raina Borrelli is an associate of Gustafson Gluek PLLC. She is a graduate of Tulane University (B.S.M., *summa cum laude*, 2008) and the University of Minnesota Law School (J.D., *magna cum laude*, 2011). Ms. Challeen is admitted to the Minnesota Bar and the U.S. District Court for the District of Minnesota. She is a member of the Federal Bar Association, Minnesota Bar Association, and Minnesota Women Lawyers.

During law school, Ms. Borrelli was a member of the Phillip C. Jessup International Moot Court Competition Team. She also served on the board of NOLA MN, a student group that organized trips to New Orleans for law students to participate in volunteer legal work.  Ms. Borrelli worked as a law clerk in the in-house legal department of two major corporations and as

a law clerk for a small plaintiff's firm. Ms. Borrelli was a judicial extern for the Honorable Ann Alton, District Judge, Fourth Judicial District of Minnesota.

Ms. Borrelli is currently involved in the representation of plaintiffs and classes in cases such as *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.) and *In re Digital Music Antitrust* (S.D.N.Y.).  She is also actively involved in the representation of *pro se* litigants as part of the Federal Bar Association's *Pro Se* Project.

**Daniel J. Nordin**

Daniel J. Nordin is an associate of Gustafson Gluek PLLC. He graduated from the University of Minnesota *with high distinction* (B.A. 2007) and is a *magna cum laude* graduate of the University of Minnesota Law School (J.D. 2011).  Mr. Nordin was admitted to the Minnesota Bar and the U.S. District Court for the District of Minnesota in 2011.

In law school, Mr. Nordin was a Managing Editor on the *Minnesota Journal of Law, Science & Technology*. In addition to clerking for a law firm in Edina, Minnesota, he also volunteered as a Tenant Advocate with HOME Line, a nonprofit tenant advocacy organization, through the Public Interest Clinic.

Mr. Nordin is currently involved in the representation of plaintiffs and classes in antitrust litigation, including *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.* (E.D.N.Y.), *In re Vitamin C Antitrust Litig.* (E.D.N.Y.), and *In re American Express Anti-Steering Rules Antitrust Litig.* (E.D.N.Y.).

**Lucy G. Massopust**

Lucy Massopust is an associate of Gustafson Gluek PLLC. She is a graduate of Colorado College (B.A. 2008) and a *magna cum laude* graduate of William Mitchell College of Law (J.D. 2012).  Lucy was admitted to the Minnesota Bar in 2012.

During law school, Lucy provided civil representation to low-income persons incarcerated in Minnesota through the Legal Assistance to Minnesota Prisoners Clinic.  She also served as a judicial extern to the Honorable Philip C. Carruthers, District Judge, Fourth Judicial District of Minnesota and as a judicial intern to the Honorable Paul A. Magnuson, United States Judge for the District of Minnesota.