**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| Sandra Landwehr, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>AOL Inc.,<br><br>         Defendant. | Case No: 1:11-cv-01014 (CMH/TRJ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Steven J. Toll (Virginia Bar No. 15300)
Benjamin D. Brown (*admitted pro hac vice*)
Emmy L. Levens (*admitted pro hac vice*)
Jeffrey Dubner (*admitted pro hac vice*)
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
bbrown@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Manuel J. Dominguez (*admitted pro hac vice*)
**Cohen Milstein Sellers & Toll PLLC**
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 833-6575
jdominguez@cohenmilstein.com

Daniel E. Gustafson (*admitted pro hac vice*)
Daniel C. Hedlund (*admitted pro hac vice*)
Joseph C. Bourne (*admitted pro hac vice*)
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

*Settlement Class Counsel*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.   INTRODUCTION .................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 2

    A.  PROCEDURAL HISTORY .............................................................................. 2

    B.  THE SETTLEMENT AGREEMENT ............................................................... 5

III. ARGUMENT ............................................................................................................ 8

    A.  THE COURT SHOULD FINALLY APPROVE THE PROPOSED
        SETTLEMENT BECAUSE THE SETTLEMENT IS FAIR
        AND ADEQUATE ............................................................................................ 8

        1. THE PROPOSED SETTLEMENT IS FAIR ............................................... 9

        2. THE PROPOSED SETTLEMENT IS ADEQUATE ................................ 10

    B.  CLASS NOTICE WAS REASONABLE AND SATISFIED DUE PROCESS .... 12

IV.  CONCLUSION ....................................................................................................... 14

**TABLE OF AUTHORITIES**

## **Cases**

*Bicking v. Mitchell Rubenstein & Assocs., P.C.*,
   No. 3:11CV78-HEH, 2011 WL 5325674 (E.D. Va. Nov. 3, 2011) ......................................... 8, 10

*Brunson v. La.-Pac. Corp.*,
   818 F. Supp. 2d 922 (D.S.C. 2011) ................................................................................. 11, 12

*Cent. Wesleyan Coll. v. W.R. Grace &Co.*,
   6 F.3d 177 (4th Cir. 1993) .......................................................................................................... 8

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001) ....................................................................................................... 11

*Hess v. Sprint Cmmc'ns Co. L.P.*,
   No. 3:11-cv-00035, 2012 WL 5921149 (E.D. Va. Nov. 26, 2012) ............................................ 6, 11

*Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   855 F. Supp. 825 (E.D.N.C. 1994) ............................................................................................. 8

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
   MDL No. 1998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010) ..................................................... 6

*In re Jiffy Lube Sec. Litig.*,
   927 F.2d 155 (4th Cir. 1991) ............................................................................... 8, 9, 10, 11

*In re Ky. Grilled Chicken Coupon Marketing & Sales Practices Litig.*,
   MDL No. 2103, 280 F.R.D. 364 (N.D. Ill. 2011) ....................................................................... 11

*In re Red Hat, Inc. Sec. Litig.*,
   No. 5:04-CV-473-BR (3), 2010 WL 2710517 (E.D.N.C. June 11, 2010) ................................. 9, 10

*Isby v. Bayh*,
   75 F.3d 1191 (7th Cir. 1996) ....................................................................................................... 8

*Lane v. Facebook Inc.*,
   696 F.3d 811 (9th Cir. 2012) ..................................................................................................... 11

*McReynolds v. Richards-Cantave*,
   588 F.3d 790 (2d Cir. 2009) ........................................................................................................ 8

*Ramkissoon v. AOL LLC*,
   No. 06-cv-05866 (N.D. Cal.), ECF No. 1, Sept. 22, 2006 ................................................. 3, 9, 10

*Temp. Servs., Inc. v. Am. Int'l Grp., Inc.*,
   No. 3:08-cv-00271-JFA, 2012 WL 2370523 (D.S.C. June 22, 2012) ...................................... 9, 11

*Walker v. Dovetails, Inc.,*
    No. 10-cv-526, 2011 WL 744632 (E.D. Va. Feb. 24, 2011) ............................................. 1

*Williams v. First Nat'l Bank of Pauls Valley,*
    216 U.S. 582 (1910) ........................................................................................................ 8

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 23(e) ................................................................................................................. 8

**Other Authorities**

Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2702 .......................................... 3

Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-200 ............................................. 3

I.     INTRODUCTION

Plaintiff Sandra Landwehr and Defendant AOL Inc. ("AOL") have agreed upon—and the Court has preliminarily approved—a settlement to resolve Plaintiff's and the proposed Settlement Class's claims against AOL.[1] AOL has agreed to pay all of the claims of Settlement Class members, up to a limit of $5 million in cash payments. In addition, AOL has agreed to pay the costs of designing and providing notice to the Settlement Class; to bear the responsibility and costs of administering claims, including expedited arbitration; to pay an incentive award to Plaintiff; and to pay Settlement Class Counsel's attorneys' fees and costs, as awarded by the Court.  By Order dated May 1, 2013, the Court awarded Plaintiffs $820,684.78 in attorneys' fees and $110,557.74 in costs.[2]  *See* May 1, 2013 Order, ECF No. 122.[3]

AOL has also agreed to provide significant nonmonetary relief to the class. AOL will assist Settlement Class members seeking to have their search queries removed from third party websites in their efforts to contact those websites and request removal of the search queries. AOL also represents that it has established and will maintain, for three years, policies and

---

[1] As the Settlement Agreement makes clear, AOL continues to deny Plaintiff's factual and legal allegations and denies any liability. In addition, if the Court does not approve the settlement or the settlement otherwise fails, the parties will retain all claims and defenses and be restored to their litigation positions prior to the May 2, 2012 Order staying all scheduling deadlines in the case, ECF No. 85.

[2] Plaintiff intends to move for reconsideration of the Court's Order awarding fees and expenses with respect to certain costs.  Plaintiff also intends to seek leave to file a brief supplemental petition for fees associated with her fee application.  *See, e.g.*, *Walker v. Dovetails, Inc.*, No. 10-cv-526, 2011 WL 744632 (E.D. Va. Feb. 24, 2011).  AOL has informed Plaintiff that it does not consent to either of these intended motions and that it fully reserves all rights to oppose either or both of them.

[3] Unless otherwise stated, all docket references in this brief are to the above-captioned matter, *Landwehr v. AOL Inc.*

1

procedures that substantially reduce the possibility of AOL employees making AOL members' search data available for public download in the future.

On December 21, 2012, the Court granted Plaintiff's preliminary approval motion. Prelim. Approval Order, ECF No. 100. The Court found that "the proposed settlement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed settlement to the members of the Settlement Class." *Id.* ¶ 5. The Court also found that the notice plan met the requirements of Rule 23 and due process. *Id.* ¶¶ 6-8; *see also* Order Granting Mot. to Correct the Prelim. Approval Order, ECF No. 105 (making minor changes to published notice). Settlement Class members who sought exclusion were required to request exclusion by May 3, 2013. Order Granting Mot. to Correct the Prelim. Approval Order. Settlement Class members who sought to object were required to object no later than 45 days after the Final Notice Date. Prelim. Approval Order ¶¶ 14-16. A final approval hearing will be held on May 17, 2013. *Id.* ¶ 20.

Plaintiff now respectfully submits this memorandum and the accompanying Declaration of Katherine Kinsella (attached as Ex. A) in support of her motion pursuant to Federal Rule of Civil Procedure 23 for an Order finally approving the Settlement.

## II.  BACKGROUND

### A. Procedural History

Plaintiff brought this action in September 2011 alleging that AOL unlawfully released the search data of more than 650,000 AOL members. Class Action Compl., ECF No. 1. Before serving the Complaint and before any further proceedings in this matter, Plaintiff filed her Amended Complaint. Am. Class Action Compl., ECF No. 3 ("Amended Complaint"). The Amended Complaint added new detailed allegations concerning the effects of AOL's conduct on

putative class members. Plaintiff alleged that in 2006, AOL made available for download from its website a database containing the internet search records of nearly 658,000 persons who used AOL search between March and May of 2006. *Id.* ¶ 11. As a result, Plaintiff alleged, those AOL members were injured through the invasion of their privacy and the loss of the value they paid AOL to protect their privacy interests, and they continued to suffer harm because the search data continued to be available on numerous third party websites. *Id.* ¶¶ 1, 24–26. Plaintiff alleged that AOL's conduct violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2702, and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-200, and that AOL was unjustly enriched, seeking damages, injunctive relief, and restitution on behalf of herself and the proposed class. *Id.* ¶¶ 72–94.

AOL filed a motion to dismiss. After full briefing and oral argument, the Court denied AOL's motion in its entirety. Order, ECF No. 42, Feb. 27, 2012. While the motion to dismiss was pending and after it was denied, the parties conducted discovery in this matter, nearly completing both fact and expert discovery. Pursuant to the discovery plan negotiated by the parties and entered by the Court, AOL produced all of the documents—including transcripts of the depositions of each of the several AOL witnesses—it had produced previously in a similar litigation in California based on the same subject matter (the "*Ramkissoon*" case).[4] Joint

---

[4] Litigation over the same subject matter was originally brought in the Northern District of California in 2006. Complaint, *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 1, Sept. 22, 2006. As set forth in more detail previously by Plaintiff, the *Ramkissoon* federal class action was aggressively litigated in the Northern District of California and the Ninth Circuit until it was finally dismissed on March 1, 2011, for lack of subject matter jurisdiction. Pl.'s Mem. of Law in Opp'n to AOL's Mot. to Dismiss Pl.'s Class Action Compl., at 4–5, 15–16, ECF No. 38, Jan. 19, 2012. Discovery was conducted in that case. *See, e.g.*, Order Denying Def.'s Mot. to Stay Disc., *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 98, June 23, 2009. Notably, Mr. Manuel J. Dominguez represented the *Ramkissoon* plaintiffs as well Plaintiff in this case. Mot. to Appear Pro Hac Vice, ECF No. 46, Mar. 13, 2012; Appl. for Admis. of Att'y

Proposed Discovery Plan, ECF No. 28; Rule 16(b) Scheduling Order, ECF No. 37. Additional written discovery was also taken in this case. Plaintiff produced documents and responded to interrogatories and propounded requests on AOL. AOL deposed Plaintiff and her privacy and economics experts, and Plaintiff deposed AOL's privacy and economics experts as well as AOL's 30(b)(6) witness.

Finally, significant motion practice has occurred in this case. After the motion to dismiss was fully briefed and the court denied AOL's motion, Plaintiff moved for class certification, which not only included significant briefing but also the preparation of expert reports by both Plaintiff and Defendant. Pl.'s Mot. for Class Certification, ECF No. 68; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Class Certification, ECF No. 69. After meeting and conferring, Plaintiff brought a motion to compel the production of documents and testimony and for an extension of discovery deadlines, which was fully briefed. Pl.'s Mot. to Compel Produc. of Docs. & Test. & for an Extension of Deadlines, ECF No. 71; Mem. of Law in Supp. of Pl.'s Mot. to Compel Produc. of Docs. & for an Exten. of Disc. Deadlines, ECF No. 72; Opp'n to Pl.'s Mot. to Compel Produc. of Docs. & for an Exten. of Disc. Deadlines, ECF No. 74; Pl.'s Reply Mem. of Law in Supp. of Pl.'s Mot. to Compel Produc. of Docs. & for an Exten. of Disc. Deadlines, ECF No. 77. AOL moved the Court to reconsider its denial of AOL's motion to dismiss, and Plaintiff responded to that motion. Mot. for Recons., ECF No. 51; Mem. in Supp. of Mot. for Recons., ECF No. 52; Mem. in Opp. of Mot. for Recons., ECF No. 79.

While these motions were pending, the parties mediated the case before the Honorable Barry R. Poretz (Ret.). During this all-day mediation, which extended well into the night, the

---

Pro Hac Vice, *Ramkissoon v. AOL LLC*, No. 06-cv-05866 (N.D. Cal.), ECF No. 10, Oct. 18, 2006.

parties reached an agreement in principle to settle this case. Decl. of Daniel C. Hedlund in Supp. of Pl.'s Mot. for Prelim. Approval of Proposed Settlement ¶ 5, ECF No. 91-1 ("Hedlund Decl."). As a result and upon the parties' joint request, the Court stayed all pending scheduling deadlines, including briefing deadlines and the hearings on the pending motions as well as the deadline for Plaintiff's expert J. Alex Halderman's rebuttal report. Order, ECF No. 85, May 2, 2012.

Plaintiff subsequently moved for preliminary approval of the Settlement Agreement. Pl.'s Mot. for Prelim. Approval of Proposed Settlement, ECF No. 90. The Court granted Plaintiff's motion and preliminarily approved the settlement, conditionally certified the settlement class, appointed Gustafson Gluek PLLC and Cohen Milstein Sellers & Toll PLLC as Settlement Class Counsel, appointed Plaintiff as the representative of the Settlement Class, and directed notice consistent with the proposed notice plan. Prelim. Approval Order.

### B.  The Settlement Agreement

After arm's length negotiations and with the assistance of Judge Poretz at mediation, Plaintiff and AOL agreed to settle the Settlement Class's claims against AOL. Hedlund Decl. ¶ 7. Pursuant to this settlement, AOL will pay all of the claims of Settlement Class members, up to an aggregate limit of $5 million in cash payments. Settlement Agreement ¶¶ 12, 13, 17.[5] Qualified claimants are divided into three groups. Settlement Class members who were AOL members during the period March 1, 2006 through May 31, 2006 who believe in good faith that search queries entered using their screen names were contained in the search data that AOL made available for download at research.aol.com are eligible for $50 payments ("Tier 1"). *Id.* ¶ 12(a). Every Settlement Class member who submits a valid claim form will at least qualify for a Tier 1

---

[5] The Settlement Agreement was submitted to the Court with Plaintiff's preliminary approval motion. *See* Hedlund Decl. in Support of Preliminary Approval, Ex. A.

Payment. Settlement Class members who meet the requirements of Tier 1 and who believe they have been identified or can be identified to a reasonable degree of certainty by a third party (other than by self-identification) are eligible for $100 payments ("Tier 2"). *Id.* ¶ 12(b). Finally, Settlement Class members who meet the requirements of Tier 2 and who claim to have suffered damages in excess of $100 may elect to proceed in expedited arbitration, where a neutral arbitrator will determine, based upon written submissions, the amount of damages suffered by the Settlement Class member ("Tier 3"). *Id.* ¶ 13.

In addition to the $5 million designated for cash payments to Settlement Class members, AOL will pay numerous additional costs associated with the settlement. Unlike a traditional common fund class settlement, in this case AOL will pay additional costs on top of the fund designated for payments to class members, which adds to the value of the settlement. *See, e.g.*, *Hess v. Sprint Cmmc'ns Co. L.P.*, No. 3:11-cv-00035, 2012 WL 5921149, at *3 (E.D. Va. Nov. 26, 2012) (valuing the settlement as "the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by [defendant's] separate payment of attorney's fees and expenses, and the expenses of administration"); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, MDL No. 1998, 2010 WL 3341200, at *9 (W.D. Ky. Aug. 23, 2010) (valuing the settlement as the fund for payments to class members, plus the additional costs incurred by the defendant to provide credit monitoring to class members, plus the additional costs incurred by the defendant to pay attorneys' fees). AOL will pay the costs of designing and providing notice to the Settlement Class. Settlement Agreement ¶ 4. AOL will also bear the responsibility and costs of administering Settlement Class members' claims, including notifying the class, distributing the payments, and conducting expedited arbitration, which Settlement Class Counsel and the retained notice and distribution experts estimate to

6

provide a value of over $1.4 million. *Id.* ¶¶ 5, 13(k). AOL will also pay an incentive award to Plaintiff for her time and effort in prosecuting this class action. *Id* ¶ 21. And AOL will pay Settlement Class Counsel's attorneys' fees and costs as may be awarded by the Court. *Id.* ¶ 19. The parties did not reach agreement on the amount of attorneys' fees and costs sought by Settlement Class Counsel, and Plaintiff moved for a fee award; AOL contested only the amount of fees and costs sought by Settlement Class Counsel. ECF Nos. 106, 116, 118.[6] On May 1, 2013, the Court awarded Plaintiff $820,684.78 in attorneys' fees and $110,557.74 in costs. ECF No. 122. This amount represents additional value to the Settlement Class; like the administrative costs and incentive award, the fee award does not under any circumstances reduce Settlement Class members' recovery. Further, as part of the agreement, Settlement Class Counsel may assist Class members who seek to have their claims arbitrated and are not seeking to be reimbursed for the time and costs they will expend in providing additional assistance to these Settlement Class members. The fees expended on behalf of the Settlement Class members who chose to arbitrate their claims are an additional substantial benefit to the class.

AOL has also agreed to provide significant nonmonetary relief. First, AOL represents that it has established policies and procedures that it and Settlement Class Counsel believe significantly mitigate the possibility of AOL employees making available for public download the type of search data that it made available in 2006. Settlement Agreement ¶ 18(a). AOL further agrees to maintain those or substantially the same policies for at least three years, subject to a right to modify those policies if Microsoft, Yahoo!, or Google adopts policies or practices that are less burdensome; if that event occurs, AOL will notify Settlement Class Counsel. *Id.* AOL will also assist Settlement Class members who have been, or can be, identified by a third

---

[6] This information was made available on the settlement website.

7

party and whose search queries are available for review on third-party websites. *Id.* ¶ 18(b). AOL will assist those Settlement Class members by making reasonable efforts to help them contact the third party website and to request removal of their search queries. *Id.*

The total value of this settlement to the class is well in excess of $6.4 million, as the Class will have the additional benefit of having their fees and costs paid by AOL, Settlement Class Counsel's free assistance in filing arbitration claims, and the equitable relief of heightened security for their search queries and assistance from AOL in requesting that third parties remove their search queries from third party websites.

### III. ARGUMENT

#### A. The Court Should Finally Approve the Proposed Settlement Because the Settlement Is Fair and Adequate.

"Compromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank of Pauls Valley*, 216 U.S. 582, 595 (1910). "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see also McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (stating there is a "strong judicial policy in favor of settlements, particularly in the class action context" (quotation omitted)); *Cent. Wesleyan Coll. v. W.R. Grace &Co.*, 6 F.3d 177, 185–86 (4th Cir. 1993) (acknowledging desirability of settlement in class action context).

Proposed class settlements must be approved by the court. Fed. R. Civ. P. 23(e). Rule 23(e) is designed to safeguard the rights of absent class members, and district courts have substantial discretion in deciding to approve a class action settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *Bicking v. Mitchell Rubenstein & Assocs., P.C.*, No. 3:11CV78-HEH, 2011 WL 5325674, at *4 (E.D. Va. Nov. 3, 2011). If a class action settlement is fair and adequate, final approval may be granted after class members have received notice, time

to object, and an opportunity to be heard at a fairness hearing. *Jiffy Lube*, 927 F.2d at 158; *Bicking*, 2011 WL 5325674, at *4; *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994).

### 1. The Proposed Settlement Is Fair.

Fairness "focuses on whether the proposed settlement was negotiated at arm's length." *In re Red Hat, Inc. Sec. Litig.*, No. 5:04-CV-473-BR (3), 2010 WL 2710517, at *1 (E.D.N.C. June 11, 2010). Relevant factors include "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [complex] class action litigation." *Jiffy Lube*, 927 F.2d at 159.

The parties negotiated the proposed settlement at arm's length over the course of several months. Eventually, they reached an agreement in principle during a mediation before a retired judge from this District with significant class action experience. *See Temp. Servs., Inc. v. Am. Int'l Grp., Inc.*, No. 3:08-cv-00271-JFA, 2012 WL 2370523, at *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached."). The parties subsequently negotiated every significant term of the Settlement Agreement.[7] Further, fact and expert discovery were substantially completed, and Plaintiff's attorneys were well equipped to assess the strengths and weakness of the case (especially since Mr. Dominguez represented the *Ramkissoon* plaintiffs in a previous case concerning the same facts). *Cf. Red Hat*, 2010 WL 2710517, at *2 (recognizing that the Fourth Circuit views

---

[7] Plaintiff's counsel did not start negotiating fees until they had substantially agreed with AOL on every term in the Settlement Agreement, including the proposed notice plan. Decl. of Manuel J. Dominguez in Supp. of Pl.'s Mot. for Prelim. Approval of Proposed Settlement ¶ 7, ECF No. 91-2.

9

discovery as beneficial to allowing parties to make informed decisions regarding settlement). Settlement Class Counsel's assessment of the strengths and weaknesses of the case is entitled to substantial weight, given their experience in prosecuting large and complex consumer class actions such as this. *See, e.g.*, *Bicking*, 2011 WL 5325674, at *5 (finding the fact that "both of Plaintiff's attorneys are competent and experienced in consumer class action" to suggest settlement was "the product of good faith, arms-length bargaining"); *see also* Pl.'s Mem. of Law in Supp. of Mot. for Prelim. Approval of Proposed Settlement 15-16, ECF No. 91 (describing Settlement Class Counsel's experience and accomplishments).

### 2. The Proposed Settlement Is Adequate.

Adequacy "focuses on whether the consideration provided to the [absent] class members is sufficient." *Red Hat*, 2010 WL 2710517, at *1. Relevant factors include (1) the strength of the plaintiff's case on the merits, (2) difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) whether the defendant is solvent, and (5) the degree of any opposition to the proposed settlement. *Jiffy Lube*, 927 F.2d at 159.

Plaintiff is confident in the strength of her case. However, AOL has made clear its intent to dispute the factual and legal basis for Plaintiff's claims and asserted numerous defenses, and AOL and its highly competent attorneys have shown a willingness to put on an all-out defense to the claims in this matter. This case involves novel questions regarding ECPA and internet privacy issues, and the answers to these questions are uncertain. Further, AOL made the search data available for download over six years ago, and settlement at this time allows Settlement Class members to recover on their claims sooner than the prospect of protracted, contentious

10

litigation would allow. Indeed, even prior to the filing of the instant case, AOL had litigated the *Ramkissoon* matter for many years.

Plaintiff's counsel estimates the value of this settlement to be greater than $6.4 million. The value of the settlement is substantially above $6.4 million when the substantive additional relief provided to the class is considered: (1) the assistance that Settlement Class Counsel may provide to Settlement Class members who seek to arbitrate their claims and; (2) the significant nonmonetary relief being provided by AOL. The value of the settlement to the class is also bolstered by the $931,242.52 in fees and costs ordered by the Court.[8] This is a good outcome for the Settlement Class. *See, e.g.*, *Lane v. Facebook Inc.*, 696 F.3d 811, 824 (9th Cir. 2012) (finding, in a consumer privacy case brought on behalf of more than 3.6 million Facebook users, that "[a] $9.5 million class recovery would be substantial under most circumstances"); *In re Ky. Grilled Chicken Coupon Marketing & Sales Practices Litig.*, MDL No. 2103, 280 F.R.D. 364, 377 (N.D. Ill. 2011) (finding a recovery of $15.96 per settlement class member to weigh heavily in favor of approving the settlement).

Importantly, AOL, which acted as the settlement administrator in this case, has reported that as of May 3, 2013 (the deadline for postmarking objections and requests for exclusion), it had received zero objections and only two timely requests for exclusion. Decl. of Katherine Kinsella ¶ 12(c). In this Circuit, the degree of opposition to a proposed settlement is an important factor for the Court to consider in assessing the adequacy of a class settlement. *Jiffy Lube*, 927 F.2d at 159. In other cases in which class members made no objections, courts have found that "the lack of opposition to the Settlement indicates that the Settlement is fair, adequate and

---

[8] Combining the available monetary relief, AOL's payments for settlement administration, and the Court's award to Settlement Class Counsel, the total value of the settlement is in excess of $7.3 million. *See Hess*, 2012 WL 5921149, at *3.

reasonable." *Brunson*, 818 F. Supp. 2d 922, (D.S.C. 2011); *see also Temp. Servs.*, 2012 WL 4061537, at *13 (finding the fact that "no class member has objected to . . . the terms of the settlement" to weigh in favor of approval). The small number of requests for exclusion also weighs in favor of approval of the settlement. *See, e.g.*, *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001) (small percentage of only 72 requests for exclusion out of 27,883 notices weighs in favor of approval).

Because the proposed settlement is fair and adequate, the Court should finally approve the proposed settlement.

### B. Class Notice Was Reasonable and Satisfied Due Process.

In granting preliminary approval, the Court found that the notice program was the best practicable notice to the Settlement Class, was reasonable, and complied with "all applicable requirements of due process and any other applicable requirements under federal law." Prelim. Approval Order ¶ 8. Notice was given to the Settlement Class in accordance with the Court-approved notice plan designed by Kinsella Media, LLC. Therefore, the Court should find that the notice plan as implemented met the requirements of Rule 23 and due process. *See Brunson v. La.-Pac. Corp.*, 818 F. Supp. 2d 922, 926 (D.S.C. 2011) (finding that notice as implemented met all legal requirements when "Notice of the Settlement was given to the Class in accordance with the Preliminary Approval Order").

Each element of the Court-approved notice program has been implemented, and the notices "were clear, simple, substantive, informative, and noticeable" with no significant information missing. Decl. of Katherine Kinsella ¶ 4. Publication notice consisted of a robust paid media program using the national editions of eight consumer magazines and three newspaper supplements with wide circulation. *Id.* ¶¶ 5-7. The published notice reached an

estimated 80.2% of the target audience, with an estimated 2.5 average frequency. *Id.* ¶ 9. The published notice provided a toll-free telephone number, mailing address, and the settlement website address; potential Settlement Class members could request or access the official notice through any of these options. *Id.* ¶ 8. The settlement website also contains additional information about the lawsuit and settlement, including answers to frequently asked questions and copies of the published notice, official notice, claim form, and court documents. *Id.* ¶ 11.

Katherine Kinsella is President of Kinsella Media, LLC, an advertising and legal notification firm specializing in designing notice plans to reach unidentified putative class members in consumer class actions such as this one. *Id.* ¶ 1. Kinsella Media is committed to "adhering to the plain language requirement contained in state and federal rules governing class actions," and in this case, the published notice "was designed as a black and white advertisement to capture and hold the attention of the reader." *Id.* ¶¶ 13-14. The published notice was designed to allow readers to quickly determine whether they could be affected by the settlement. *Id.* ¶ 14. Because of Kinsella Media's careful design of the notice plan and its implementation consistent with the Court's Preliminary Approval Order, Ms. Kinsella has opined that "this Notice Program provided the best practicable notice under the circumstances to reach potential members of the proposed Class in this case," and meets all applicable legal and professional standards. *Id.* ¶ 23.

Thus, the Court-approved notice program was successfully implemented in accordance with the Court's Preliminary Approval Order. For these reasons and those set forth in Plaintiff's preliminary approval brief, the Court should find that the notice constituted the best practicable

notice to Settlement Class members under the circumstances and meets the requirements of Rule 23 and due process.[9]

## IV. CONCLUSION

Based upon all the foregoing arguments, as well as the record in this litigation, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's motion for final approval of the Settlement Agreement.

Dated: May 7, 2013

/s/ Steven J. Toll
Steven J. Toll (Virginia Bar No. 15300)
Benjamin D. Brown
Emmy L. Levens
Jeffrey B. Dubner
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
bbrown@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Manuel J. Dominguez
**Cohen Milstein Sellers & Toll PLLC**
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 833-6575
jdominguez@cohenmilstein.com

Daniel E. Gustafson
Daniel C. Hedlund
Joseph C. Bourne
**Gustafson Gluek PLLC**

---

[9] A description of the notice plan and its consistency with all legal requirements were previously set forth in Plaintiff's motion for preliminary approval and the supporting declaration of Katherine Kinsella. *See* Pl.'s Mem. of Law in Support of Mot. for Prelim. Approval of Proposed Settlement 18-20, ECF No. 91; Decl. of Katherine Kinsella, ECF No. 91-3.

14

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

***Settlement Class Counsel***