UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Sandra Landwehr, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>AOL Inc.,<br><br>        Defendant. | Case No: 1:11-cv-01014 (CMH/TRJ)<br><br>**MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

  Plaintiff Sandra Landwehr ("Plaintiff"), on behalf of the Settlement Class, respectfully requests leave to file the attached Supplemental Memorandum in Support of Her Motion for Attorneys' Fees and Costs ("Supplemental Memorandum").

  Plaintiff's original fee petition, filed on January 11, 2013, included only fees incurred and expenses paid through December 31, 2012, as subsequent fees and expenses were not yet available. Settlement Class Counsel indicated in their declarations supporting the motion for attorneys' fees and expenses that they would be submitting supplemental petitions, in keeping with the customary practice in the Eastern District of Virginia.  (Dkt. No. 110 ¶ 7; Dkt. No. 111 ¶ 5.)  *See, e.g.*, *Walker v. Dovetails, Inc.*, No. 10-cv-526, 2011 WL 744632 (E.D. Va. Feb. 24, 2011) (granting supplemental fee petition); *Cnty. Sch. Bd. of York Cnty. v. A.L.*, No. 03-cv-174, 2007 WL 756586 (E.D. Va. Mar. 6, 2007) (same).

  AOL argued in its opposition to Plaintiff's original fee petition that the Court's December 27, 2012 Preliminary Approval Order eliminates the standard practice and bars submission of the

usual supplemental petition. (Dkt. No. 116 at 8 n.6.)[1] AOL bases this conclusion on one line in the Order, stating that "[a]ny petition for award of attorneys' fees or reimbursement of litigation costs and expenses shall be filed on or before January 11, 2013." (Dkt. No. 100 ¶ 19.) In deference to the possibility that this was the Court's intention, Plaintiff is seeking leave to file her supplemental memorandum, rather than simply filing it in the first instance.

AOL's contention, however, is meritless for three reasons.

*First*, it misunderstands the nature of Plaintiff's supplemental statement of recent fees and costs. A supplemental memorandum for attorneys' fees and costs is "not a new motion, but rather a memorandum supplementing" the original motion. *Cnty. Sch. Bd. of York*, 2007 WL 756586, at *3. Accordingly, so long as the initial motion is timely filed, the supplemental memorandum is properly before the Court. *Id.* There is therefore no merit to AOL's argument that this is a new, belatedly filed petition.

*Second*, AOL's position asks for the impossible: it expects plaintiffs to submit billing records for fees and costs incurred in defending a fee motion *before they were actually incurred*. This is entirely unworkable and would contravene the Fourth Circuit's holding that fees incurred in preparing and defending a fee petition are appropriate. *See Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995). AOL would bar plaintiffs from applying for fees that they are plainly entitled to seek.

*Third*, AOL's reading is not in any way required by the text of the Preliminary Approval Order. The word "any" is limited by the context in which it occurs. *See, e.g.*, *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 529 (1983). Here, it more naturally should be read to refer to "any *initial* petition," rather than any petition period;

---

[1] AOL has since informed Plaintiff that it does not consent to this motion or the underlying supplemental fee request, and that it reserves its rights to oppose either or both.

otherwise, even Plaintiff's reply memorandum might have been read to be barred. Nor would it be prudent to read one ambiguous line in the Court's order as setting aside well-established procedure and case law, in favor of a position that would necessarily bar Plaintiff from properly seeking expenses. Certainly this was not Plaintiff's intention in crafting and proposing the draft order that became the Preliminary Approval Order.

Plaintiffs respectfully request that the supplemental fee award be determined at the same time as the Final Approval Hearing. In the event that the Court prefers not to decide this petition at that time, final approval may be granted with the supplemental fee award undetermined, pursuant to paragraph 19 of the settlement agreement. Because the combined request remains below the maximum amount of fees sought included in the notice to class members, there is no need for additional notice.

For the foregoing reasons, to the extent that leave to file the Supplemental Memorandum is necessary, Plaintiff respectfully requests that the Court grant her such leave.

Dated: May 9, 2013

/s/ Steven J. Toll
Steven J. Toll (Virginia Bar No. 15300)
Benjamin D. Brown
Emmy L. Levens
Jeffrey B. Dubner
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
bbrown@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Manuel J. Dominguez
**Cohen Milstein Sellers & Toll PLLC**

- 4 -

        2925 PGA Blvd., Suite 200
        Palm Beach Gardens, FL 33410
        Tel: (561) 833-6575
        jdominguez@cohenmilstein.com

        Daniel E. Gustafson
        Daniel C. Hedlund
        Joseph C. Bourne
        **Gustafson Gluek PLLC**
        Canadian Pacific Plaza
        120 South Sixth Street, Suite 2600
        Minneapolis, Minnesota 55402
        Tel: (612) 333-8844
        Fax: (612) 339-6622
        dgustafson@gustafsongluek.com
        dhedlund@gustafsongluek.com
        jbourne@gustafsongluek.com

        *Settlement Class Counsel*