UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Sandra Landwehr, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br> v.<br><br>AOL Inc.,<br><br>         Defendant. | Case No: 1:11-cv-01014 (CMH/TRJ)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

  Plaintiff Sandra Landwehr ("Plaintiff"), on behalf of the Settlement Class, submits this Supplemental Memorandum in Support of Her Motion for Attorneys' Fees and Costs ("Supplemental Memorandum"). Plaintiff respectfully requests that the Court award $54,405.00 in fees and $13,077.77 in costs for work performed in 2013.

  Plaintiff's original fee petition, filed on January 11, 2013, included only fees incurred and expenses paid through December 31, 2012, as subsequent fees and expenses were not yet available. Settlement Class Counsel indicated in their declarations supporting the motion for attorneys' fees and expenses that they would be submitting a supplemental memorandum detailing 2013 fees and expenses, in keeping with the customary practice in the Eastern District of Virginia. (Dkt. No. 110 ¶ 7; Dkt. No. 111 ¶ 5.) *See, e.g.*, *Walker v. Dovetails, Inc.*, No. 10-cv-526, 2011 WL 744632 (E.D. Va. Feb. 24, 2011) (granting supplemental fee petition); *Cnty. Sch. Bd. of York Cnty. v. A.L.*, No. 03-cv-174, 2007 WL 756586 (E.D. Va. Mar. 6, 2007) (same).

  With nothing left in the case but the May 17, 2013 Final Approval Hearing, it is an appropriate time to file and consider Plaintiff's Supplemental Memorandum. Accordingly, Plaintiff submits the attached declarations of Manuel J. Dominguez and Daniel C. Hedlund, reporting the fees and expenses incurred in moving for fees and responding to AOL's opposition.

It is well-established that parties entitled to awards of attorneys' fees under cost-shifting statutes are similarly entitled to fees and costs incurred in seeking reimbursement, colloquially known as "fees on fees." *See Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995). Such petitions are subject to the same lodestar analysis as other fee requests. *See, e.g., Cnty. Sch. Bd. of York*, 2007 WL 756586.

As the attached Declarations explain, Settlement Class Counsel has incurred $54,405.00 in fees and $13,077.77 in costs in 2013. However, Settlement Class Counsel is excluding time for fees in an exercise of billing discretion, including work performed by peripheral personnel, work that was duplicative or inefficient, and time related to assisting class members with claims. Additionally, in recognition of the Court's decision to reduce Settlement Class Counsel's rates by 10%, Settlement Class Counsel is voluntarily reducing the requested amount by 10%.[1] The fee award requested is less than the fees actually incurred.

Plaintiff believes that the amount sought is warranted for the same reasons stated in her initial and reply memoranda. (Dkt. Nos. 107, 118.) As expected, AOL forcefully opposed Plaintiff's fee petition, requiring significant research and preparation for both the initial and reply memoranda. Accordingly, the hours spent on the petitions are reasonable and should be compensated.

As to costs, Plaintiff primarily seeks reimbursement for three expenses: (a) the retention of Philip Harvey, a respected and highly experienced lawyer in the Eastern District of Virginia, to assess the fee petition and provide an expert declaration to advise the Court; (b) the costs of Manuel J. Dominguez coming to Virginia in preparation for the argument on the motion, which had to be canceled at the last minute; and (c) miscellaneous expenses related to the fee briefing,

---

[1] In addition, Settlement Class Counsel is seeking reimbursement at their 2012 rates, rather than at their higher 2013 rates. (See Dominguez and Hedlund Decls. ¶ 3 .)

including legal research and filing fees. All of these expenses are wholly warranted. In particular, it bears noting that the costs of obtaining expert opinion should not be subjected to the reduction applied to Plaintiff's merits experts; unlike the merits reports, the issue of fees did not come up in this case or the *Ramkissoon* action, and so there was nothing even arguably duplicative about Mr. Harvey's work. Moreover, Fourth Circuit and Eastern District precedent specifically instructs fee applicants to submit "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community," and therefore these costs were necessary to the fee application. *Robinson v. Equifax Info. Serv., LLC*, 560 F.3d 235, 245 (4th Cir. 2009); *see also, e.g.*, *Project Vote/Voting for Am., Inc. v. Long*, No. 10-cv-75, 2012 WL 3638546, at *3 (E.D. Va. Aug. 22, 2012).

For the foregoing reasons, Plaintiffs respectfully request that the Court grant supplemental attorneys' fees in the amount of $54,405.00 and supplemental costs in the amount of $13,077.77.

Dated: May 9, 2013

/s/ Steven J. Toll
Steven J. Toll (Virginia Bar No. 15300)
Benjamin D. Brown
Emmy L. Levens
Jeffrey B. Dubner
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
bbrown@cohenmilstein.com
elevens@cohenmilstein.com
jdubner@cohenmilstein.com

Manuel J. Dominguez
**Cohen Milstein Sellers & Toll PLLC**
2925 PGA Blvd., Suite 200

- 4 -

Palm Beach Gardens, FL 33410
Tel: (561) 833-6575
jdominguez@cohenmilstein.com

Daniel E. Gustafson
Daniel C. Hedlund
Joseph C. Bourne
**Gustafson Gluek PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jbourne@gustafsongluek.com

*Settlement Class Counsel*