

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SANDRA LANDWEHR, on behalf of herself
and all others similarly situated,

    *Plaintiff,*

v.

AOL INC.,

    *Defendant.*

Case No. 1:11-cv-01014-CMH-TRJ

**FINAL APPROVAL ORDER AND JUDGMENT**

The Court, after notice to the Settlement Class[1] held a hearing on May 17, 2013 for the purpose of determining:

1. Whether the proposed settlement of the claims asserted by the Plaintiff in the above-captioned lawsuit (the "Action"), on the terms set forth in the Class Action Settlement Agreement dated December 12, 2012 (the "Agreement"), and the exhibits thereto, is fair, reasonable, and adequate, and should be finally approved by the Court;

2. Whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing AOL Inc. and its present and former parents, subsidiaries, affiliated entities,

---

[1] The Settlement Class is defined as:

    All persons residing in the United States or its territories whose internet search query data was made available for download from research.aol.com in 2006.

Excluded from the Settlement Class are employees of AOL and their immediate families.

predecessors, successors, and assigns and each of their respective present, former, and future officers, directors, employees, agents, customer service providers, independent contractors, successors, assigns, parents, subsidiaries, affiliates, insurers, attorneys, and legal representatives of and from all Released Claims; and

  3. If the settlement is approved, whether the attorneys' fees and expenses to Settlement Class Counsel requested pursuant to paragraph 19 of the Agreement and paragraph 19 of the Court's Preliminary Approval Order dated December 21, 2012 should be approved.

  The Court, having heard all persons properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed settlement and the oral presentations of counsel, having considered all applicable law, and having considered any objections properly made to the proposed settlement, finds that there is no just reason for delay of the entry of this Final Approval Order. This Final Approval Order adopts and incorporates the Agreement, the terms defined therein, and all exhibits thereto.

  IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

  1. The Court finds that it has personal jurisdiction over all members of the Settlement Class and that it has subject matter jurisdiction to approve the Agreement and all exhibits thereto.

  2. The Action is hereby certified as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only (the Court expressly reserving the right to determine, should the occasion arise, whether the Action may be certified as a class action for purposes other than settlement, and AOL retaining all rights to assert that the Action may not be certified as a class action except for settlement purposes). The Settlement Class is defined in Footnote 1.

3. The Court gives final approval to the settlement as fair, reasonable, and adequate as to both of the Parties, and consistent and in compliance with all requirements of federal law as to, and in the best interests of, both of the Parties and the members of the Settlement Class, and directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and provisions.

4. The Court declares the Agreement and the Final Approval Order to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Paragraph 24 of the Agreement maintained by or on behalf of Plaintiff or any other members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

5. The Court finds that the notice program implemented pursuant to the Agreement (i) constitutes the best practicable notice, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of federal law.

6. The Court finds that the Settlement Class Counsel and the Plaintiff adequately represented the Settlement Class for the purposes of entering into and implementing the settlement.

7. The Court dismisses the Action (including all individual and class claims presented thereby or that could have been presented thereby) on the merits and with prejudice and without fees or costs except as provided herein.

8.  The Court adjudges that Plaintiff and the Settlement Class have fully, finally, and conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against AOL and as further provided in Paragraph 24 of the Agreement.

9.  The Court approves the payment of attorneys' fees, costs, and expenses to Settlement Class Counsel in the amount of $931,242.52 (the "Attorneys' Fee Award"). The Attorneys' Fee Award will be paid to Class Counsel by AOL in accordance with the terms of the Agreement. The Attorneys' Fee Award shall be paid no later than the later of (i) forty-five (45) days after the date of the entry of the Final Approval Order, (ii) forty-five (45) days after the resolution of any motion enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A), or (iii) thirty (30) days after the full and final resolution of any appeal of the Final Approval Order.

10. The Court further approves an incentive award of $9,900 to Plaintiff Sandra Landwehr.

11. No Settlement Class member shall have any claim against Settlement Class Counsel, the Arbitrator, the Claims Administrator, AOL, or AOL's counsel based on the claims administration process described in Paragraphs 10 through 13 of the Agreement so long as that process is performed substantially in accordance with the Agreement.

12. Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves jurisdiction over AOL, Plaintiff, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Agreement and the Final Approval Order, and for any other necessary purposes.

13. Upon entry of this Order, Plaintiff and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall permanently be barred from asserting and

shall have released any and all Released Claims against AOL, the Releasees, or any other designees acting on behalf of or through AOL, as further provided in the release set forth in Paragraph 24 of the Agreement.

14. The Court determines that the Agreement and the Settlement provided for therein, and any proceedings taken pursuant thereto, are not offered or received, and should not in any event be offered or received as evidence, a presumption, a concession, or an admission of liability by AOL; provided, however, that reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Agreement.

15. The Court bars and enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims, and (ii) organizing members of the Settlement Class who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

16. The Court approves the Opt-Out List attached hereto as Exhibit A, and determines that the Opt-Out List is a complete list of all Settlement Class members who have timely

requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order or Agreement.

17. The Parties are hereby authorized to agree to and adopt such amendments to, and modifications and expansions of, the Agreement and all exhibits and amendments thereto as (i) are consistent in all material respects with this Final Approval Order, and (ii) do not limit the rights of the Settlement Class members.

18. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then the Agreement, this Final Approval Order and Judgment, and other terms herein including the certification of the Settlement Class shall be rendered null and void and be vacated.

Dated: May 24, 2013

/s/
Claude M. Hilton
United States District Judge

## Exhibit A: Exclusion List

Joann Manganiello
42 Chestnut Trail
Tequesta, Florida 33469

Thomas G. Bradford
44 Chestnut Trail
Tequesta, Florida 33469